# CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed March 13, 1893.

GLADIOUS HOFFMAN

VS.

JOSEPH HOFFMAN.

*Ruddell & Hall* for plaintiff.

*Decree pro confesso.*

WICKES, J.—

The abandonment which constitutes a ground for divorce *a vinculo matrimonii*, is as follows, Code, Art. 16, Sec. 36: "When the Court shall be satisfied by competent testimony that the party complained against has abandoned the party complaining, and that such abandonment has continued uninterruptedly for at least three years and is deliberate and final, and the separation of the parties beyond any reasonable expectation or reconciliation."

The three causes for which divorces may be decreed *a mensa et thoro*, are: "First, cruelty of treatment; secondly, excessively vicious conduct; thirdly, abandonment and desertion."

The question we have to deal with in the case in hand is whether a wife who leaves her husband because of his cruelty, intemperance and non-support, and remains away from him for three years is entitled to a divorce *ex vinculis* on the ground that his conduct was in law, an abandonment of her by him. This question has been considered and decided in several cases by the Court of Appeals, and in view of the growing tendency in this community to seek relief in the Courts from uncongenial marriage ties, it is high time the hard and fast line should be drawn which marks the boundaries between decrees which permit the parties to marry again, and those which give relief from burdensome association, but offer no other inducement to destroy the most sacred of all human relations.

In Levering vs. Levering, 16 Md. 218, a case always relied upon by those who seek to make of cruel treatment a ground of divorce *a vinculo* by simply waiting for three years after the separation commences, and then converting it into a case of abandonment; the facts were very similar to those in this case.

The husband had failed to support the wife, was intemperate and has inflicted bodily injure upon her—she waited three years, and then applied for a divorce *a vinculo*. The Court said "the argument of the appellee is, that the appellant's failure to support her, his intemperate habits and violence committed upon her person, justified her in leaving him, and was in law an abandonment of her by him. We can very well imagine a case in which this argument would apply. If a man fails to supply his wife with such necessaries and comforts of life as are within his reach, and by cruelty compels her to quit him and seek shelter and protection elsewhere, *we would have no hesitation in saying it would be as much an abandonment of her by him, as if he had deserted her and gone away himself.*" This *dictum* of the judge who delivered the opinion, has furnished the pretext for a great many improvident divorces in this State. Standing alone, it simply means, that if a husband is intemperate, fails to support his wife, and is guilty of cruelty, toward her, she may leave his house, wait until three years have expired and then procure an absolute divorce, and that too, whether the evidence discloses any purpose on his part that the marriage relation shall cease or not. And yet

not one of these acts on his part is cause for anything but a qualified divorce, but taken together, after a lapse of the statutory period, they are practically made, what the law never intended, a ground for the final and absolute divorcement of the parties.

It is not to be wondered at that the same Court in a subsequent case introduced a new element into the rule to which we have just referred.

In Lynch vs. Lynch, 33 Md. 330, the present Chief Justice, delivering the opinion of the Court, states the rule of law as follows: "Cruelty of treatment, which is only ground for a qualified divorce must not be allowed when used as a justification for living separate from the offending party, to be made the ground for a final divorce. *Abandonment, to constitute ground for a final divorce must be the deliberate act of the party complained of, done with the intent that the marriage relation should no longer exist.*" To say that this intent can be inferred from the acts of intemperance or cruelty, or both, is simply to pervert the law, which provides a suitable remedy for such a grievance. There must be some affirmative proof that the motive lying at the foundation of such conduct is the dissolution of the marriage tie, something that will satisfy the Court that there was a deliberate purpose on the part of the person complained of, that the marriage relation should cease.

In the case now under consideration, I cannot agree with the auditor and master who finds that the complainant is entitled to a decree *a vinculo matrimonii*. The evidence discloses, what the bill alleges that the defendant is worthless, intemperate and has threatened to do violence to his wife's person. Under such circumstances she left him as she was fully justified in doing.

But there is not a *scintilla* of proof that his purpose was to destroy the relation he bore to his wife, unless it be inferred from the acts complained of, which cannot be done.

I am therefore of opinion that the complainant is entitled to a divorce *a mensa et thoro*, and not to a divorce from the chains of matrimony.