# CIRCUIT COURT OF BALTIMORE CITY.

Filed February 7, 1902.

---

LOUISA FISHER
VS.
WILLIAM L. FISHER.

---

*O. C. Warfield* for complainant.
*Ruddell & Smith* for defendants.

---

STOCKBRIDGE, J.—

The bill in this case is filed for a divorce a vinculo matrimonii by the wife against the husband. The defendant has answered, neither admitting nor denying the allegations of the bill, and proof has been taken upon which the Master in Chancery has reported

that the allegations of the bill have been substantiated, and by his report recommends that the divorce prayed for be granted.

In that condition the present case of Louisa Fisher vs. William L. Fisher comes before the court.

On the 24th of March, 1900, one William L. Fisher filed a bill in this court for a divorce from his wife, Louisa Fisher, upon the ground of adultery; and on the 30th of April, 1900, in that case Louisa Fisher filed a cross-bill asking for a divorce from her husband upon the same ground. These bills coming on to be heard this court on the 18th of December, 1900, dismissed both the original and cross-bills, upon the grounds that the parties were in pari delicto. From this decree cross-appeals were taken to the Court of Appeals, and the decree of this court was affirmed by that tribunal on the 10th day of April, 1901.

This court having knowledge of its proceedings and of the action of the Court of Appeals in the said case of Fisher vs. Fisher, accordingly sent for the solicitors in the present case, and in open court the said solicitors admitted to the court that the Louisa Fisher and William L. Fisher, who are the parties to this cause, are the same persons who were the parties to the antecedent case of Fisher vs. Fisher.

It is an elementary principle of divorce law that the party seeking the aid of a court of equity for relief from matrimonial bonds must be without fault to be entitled to the interposition of the court; yet in this case the plaintiff, by the findings of this court and the Court of Appeals, has been guilty of the same offense as that charged against the husband, and is not therefore entitled to the relief sought, if the fact is properly before the court.

The former proceedings between the parties, and the judgment of the court therein, are not mentioned in the pleadings nor referred to in the evidence, yet they are matters not merely of the personal knowledge of the court and a part of the record of this court, but also of the Court of Appeals of this State, and the identity of parties in the two proceedings is admitted by their respective solicitors.

How far a court is bound to, or can, take judicial notice of its own proceedings in other cases is a question upon which the authorities are by no means harmonious, but the apparent tendency in this State seems to be that it can not and will not take such notice. (Anderson vs. Cecil, 86 Md. 490.)

The present proceeding, however, is one for divorce, and cases of this character are not conducted in all respects or bound by the same rules as other causes. In theory at least the State is always a party to every divorce proceeding, and since not represented by a solicitor, the duty of watching the proceedings in the interest of the State devolves upon the court, and while in a case of a different character, one in which the State has no interest, the court may not be entitled to take notice of its own proceedings and records, in a divorce proceeding it becomes encumbent upon it to do so.

If in the discharge of its duty the court is called upon to act in a case for divorce where it appears by its own records and the adjudication of the court of last resort in the State, that the complainant is not entitled to the relief of a court of equity, the Chancellor who would grant the divorce would be lacking in the duty imposed upon him, and fall short of the obligation due the State.

For the foregoing reasons the report of the auditor and master is disapproved, and the bill of complaint will be dismissed.