ALEXIUS J. MYERS, SURVIVOR OF CHARLES H. MYERS *vs.* JOSEPH H. AMEY AND BARNEY KINSLEY.

EQUITY OF REDEMPTION IN CHATTELS PERSONAL—EXECUTION OF.—It is a well established legal principle, that a debtor's equitable estate in personal property cannot be seized and sold under a writ of *fieri facias*.

FI. FA.: EQUITABLE PRIORITY.—By the issual, levy and return of a *fieri facias*, the creditor acquires in the eye of a Court of Equity, a priority of right from the time the writ was placed in the sheriff's hands, and a Court of Equity will permit him to redeem the prior incumbrance, or grant a decree for a sale.

INJUNCTION.—Facts which show the danger of irreparable loss in the meantime, from the apprehended fraudulent conduct of the debtor and his mortgagee, will entitle the complainant to an injunction preliminary to such sale or redemption.

The usage and practice in Maryland do not require other affidavits than that of the complainant, to procure an injunction before answer, where the facts are *in pais*. If they rest in record, or depend upon written evidence, such documentary evidence as constitutes *prima facie* evidence of their truth, as office copies, or short copies of docket entries, are required in addition in proof of such facts.

APPEAL from the Superior Court of Baltimore City:

This appeal is taken from an order of the Superior Court of Baltimore City sitting in equity, refusing to grant an injunction; the refusal being placed upon the grounds that

the allegations of the bill were insufficient to entitle the complainant to relief, and that the affidavit of the complainant to his bill, should be supported by evidence *aliunde*. The facts of the case are sufficiently stated in the opinion of this Court.

The cause was argued before Bowie, C. J., and Bartol, Goldsborough and Cochran, J.

*Benjamin F. Horwitz,* for the appellant.

This is an appeal to the Court of Appeals from an order of the Superior Court of Baltimore City, refusing an injunction. The original papers are sent to the Court of Appeals for its action, in accordance with the provisions of section 25, of Article 5, of the Public General Laws. 1 Code, 24. "The complainant and appellant has a right to demand a decision on his bill, and if the judge refuse to grant the injunction asked for, to appeal directly to the Court of Appeals." *Steigerwald vs. Winans, et al.,* 17 *Md. Rep.,* 66. To use the language of the Court of Appeals, in the case of *Clagett vs. Salmon,* 5 *G. & J.,* 349: "As the only effect and operation of it (the injunction) is to put it out of the power of the respondents to commit an act of fraud and injustice of which they must complain with very ill grace in a Court of conscience," it is submitted no proof *aliunde* should be required.

The rule in reference to the granting of injunctions is stated in *Alexander's Ch. Prac.,* 80; *Jones vs. Magill,* 1 *Bland,* 180. And in the case of *Salmon vs. Clagett,* 3 *Bland,* 125, that learned Chancellor, after a long and careful examination of this subject, sums up the rule at the foot of page 161, and top of page 162, stating what the proper practice is on this subject, and giving the rule which was before, and has been since, observed by the Courts of Equity and Chancery in this State and elsewhere.

So much for the question of form and practice. Now as to the substance of the bill. Does it make a proper case

for the issual of an injunction? It is submitted that this case cannot be distinguished from the case of *Rose vs. Bevan,* 10. *Md. Rep.,* 466. The allegations are the same; and the language used in the bill in this case is identical with the language used in *Clagett vs. Salmon,* 5 *G. & J.,* on page 348, which case is referred to and relied on in *Rose vs. Bevans,* and which charges and allegations of imminent danger, resting, as they only could, on the belief of the complainant, are decided, in both cases, to be sufficient.

As to the remedy in equity for a sale of the chattels, see *Harris vs. Alcock,* 10 *G. & J.,* 251. *Rose vs. Bevans,* 10 *Md. Rep.,* 456. The case of *Parsons vs. Hughes,* 12 *Md. Rep.,* 1, also affirms the right of the complainant in this case to an injunction.

No counsel appeared for the appellee.

BOWIE, C. J., delivered the opinion of this Court:

The complainant's bill alleges that he obtained a judgment on the law side of the Superior Court against the defendant Amey, on the 29th of February 1864, for $1,100.91, and on the 9th of March 1864, issued a *fi. fa.* on said judgment, directed to the sheriff of said city, and requested him to levy on certain goods and chattels therein referred to, and described as belonging to and being in the possession of the defendant, and in a certain house in said city, and which was also previously mortgaged by the defendant to one Kinsley, as appeared from an office copy of said mortgage exhibited and filed therewith. That the sheriff, being advised that the defendant's equity of redemption in said goods and chattels was not liable to be seized under the said writ of *fieri facias,* refused to execute the same further than to find the property and make a special return of the facts above alleged, as appeared from a copy of the docket entries and sheriff's return exhibited and filed. The bill further alleged that the complainant was entitled to a decree for the sale of the said property, in order that the

proceeds thereof may be distributed under the order and direction of the Court, and that the complainant may reap the fruits of his judgment, which he can only do by means of such a sale, as said Amey *has no other* property of any kind. The complainant charged, that the property was larger in value than the amount of the mortgage, which he believed and charged to be fraudulent and without consideration; that he had reason to believe, and charged, that the said Amey & Kinsley contemplated and designed to sell and dispose of a part or the whole of said property with the view of defeating his lien; and that he apprehended they would sell, dispose of, conceal and remove the whole or a part of said chattels personal, before the same could be made available to him for the satisfaction of his judgment. The complainant prayed that the defendants be enjoined from removing any of said property, or from selling or disposing of the same, and for a decree for the sale thereof, and for other relief.

The principles upon which the complainants' right to the equitable interposition of a Court of Equity depends, in cases of this kind, are distinctly recognized in the cases of *Harris & Chaney vs. Alcock,* 10 *G. & J.,* 251, and *Rose & Gauss vs. Bevan, et al.,* 10 *Md. Rep.,* 466. It is an established legal principle, that a debtor's equitable estate in personal property cannot be seized and sold under a writ of *fieri facias.* The usual mode is to issue a *fi. fa.,* cause it to be levied or returned, thus showing that his remedy at law has failed; by which acts of diligence the creditor acquires, in the eye of a Court of Equity, a priority of right from the time his execution was placed in the sheriff's hands, and a Court of Equity will permit him to redeem the prior incumbrance or grant a decree for a sale. 10 *G. & J.,* 251.

All the prerequisites have been complied with in this case. The facts which entitled the complainant to an injunction preliminary to the sale or redemption, are such as shows the danger of irreparable loss in the meantime from the apprehended fraudulent conduct of the defendants.

39    v. 21

These are charged in almost the identical language of the bill in the case of *Rose & Gauss vs. Bevan, et al.*, 10 *Md. Rep.*, 469. The bill charges that the property mortgaged was the only property of the defendant; that he believed it was the intention of the defendants to conceal, remove and dispose of the same before the complainant could make it available for the satisfaction of the complainant's judgment; that the property was larger in value than the debt pretended to be secured, and the mortgage was fraudulent and without consideration.

The learned Judge from whose order this appeal is taken, places his refusal on two grounds, that a proper case is not made by the bill for the interposition of a Court of Equity against the mortgagee, or to affect his rights by injunction. Secondly, that although the rule is not invariable, the material allegations of the bill should be supported by affidavits, *aliunde* the affidavit of the complainant, for although the right which resides in the Court to issue an injunction is a salutary power, yet it is a strong power liable to abuse, and should be exercised with great care. The first of these objections has already been anticipated in our analysis of the bill and reference to the authorities sustaining it.

We are not aware of any adjudged case in this State, which requires the allegations of a bill to be sustained by affidavits *aliunde* that of the complainant. The usage and practice in Maryland do not require other affidavits than that of the complainant, to procure an injunction before answer, where the facts are *in pais*. If they rest in record or depend upon written evidence, such documentary evidence as constitutes *prima facie* evidence of their truth, as office copies, or short copies and docket entries, are required in addition in proof of such facts. The complainant has, in our judgment, complied with the preliminaries required in such cases. *Vide Alex. Ch. Pr.*, 80. *Jones vs. McGill*, 1 *Bland*, 180.

We think there was error in refusing the application for an injunction, and therefore will pass an order reversing

the order appealed from, and remanding the cause to the Superior Court, with directions that an injunction be issued as prayed, upon the complainant's executing a bond in the usual form, with approved sureties, in such penalty as may be prescribed by the Superior Court.

*Order reversed.*

(Decided April 14th, 1864.)