(Decided 2d December, 1870.)

---

## JOSHUA LYNCH *vs.* SUSAN A. LYNCH.

### *Abandonment — Divorce a mensa et thoro.*

Abandonment, to constitute a sufficient cause for a divorce *a vinculo matrimonii*, must be the deliberate act of the party complained against, done with the intent that the marriage relation should no longer exist.

Violent and outrageous conduct on the part of the wife, towards the husband, rendering the proper discharge of the duties of married life impossible, is sufficient ground for a divorce *a mensa et thoro*.

APPEAL from the Circuit Court of Baltimore City.

The bill in this case was filed by the apppellant to procure a divorce *a vinculo matrimonii* from the appellee, upon the ground of abandonment, under Article 16, section 25, of the Code of Public General Laws. The character of the evidence is sufficiently disclosed in the opinion of this Court. The Circuit Court being of the opinion that there was no proof

of an intention on the part of the defendant to bring about a separation, although her conduct was so outrageous as to justify the complainant in leaving her, refused the prayer of the bill, and passed a decree divorcing the complainant *a mensa et thoro* from the defendant.

From this decree the complainant appealed.

The cause was argued before BARTOL, C. J., MAULSBY, MILLER and ALVEY, J.

*William M. Marine* and *Milton Whitney*, for the appellant.

The evidence in this case establishes the fact that the appellant was compelled by the ill-conduct of his wife to leave the house in which they had been living; and the being thus compelled by the offensive conduct of his wife to quit his home and seek shelter elsewhere, constituted under the law of this State an abandonment on the part of the wife. *Levering vs. Levering,* 16 *Md.,* 213. And this abandonment having continued, as shown by the evidence, for three years and more, and the same being deliberate and final, and the separation of the parties beyond any reasonable expectation of reconciliation, the complainant is entitled to a decree for a divorce *a vinculo matrimonii.*

The following authorities were also referred to: 1 *Select Equity Cases,* (*Parson's,*) 329; 7 *Law Reports,* 19; 1 *Bishop on Marriage and Divorce,* secs. 782, 791, 793 *and* 794.

No appearance for the appellee.

ALVEY, J., delivered the opinion of the Court.

In this case, we fully concur with the Judge below, that the facts disclosed do not establish a case of *abandonment* of the husband by the wife, within the meaning of the 25th section of the 16th Article of the Code of Public General Laws, to entitle the husband to a divorce *a vinculo matrimonii.* The proof shows a lamentable state of domestic discord to have

existed, and unbearable persecution of the husband by the wife, while living together, but there is no sufficient proof to establish the fact to the satisfaction of the Court that the wife, the party complained against, ever deliberately designed, by her conduct, to effect a final separation of herself and husband, beyond reconciliation, however naturally that conduct may have tended to alienate the husband from his home, and finally determined him to desert it. The evidence shows that the unhappy relations between the parties, was mainly owing to the wife's ungovernable and vicious temper, and a morbid jealousy of her husband; but so far from having a deliberate design of producing an abandonment, it appears that, after her paroxysm of passion had subsided, she was always ready to admit her fault, and willing to become reconciled, promising not to repeat her offensive conduct. The desertion of the common home was the act of the husband, the party complaining, and although he may have been fully justified in so doing, still, he is not in a position to be divorced, on the ground of abandonment by the wife. Cruelty of treatment, which is only ground for a qualified divorce, must not be allowed, when used as a justification for living separate from the offending party, to be made the ground for a final divorce. Abandonment, to constitute ground for a final divorce, must be the deliberate act of the party complained of, done with the intent that the marriage relation should no longer exist. And with this there is nothing decided in the case of *Levering vs. Levering*, 16 *Md.*, 213, at all in conflict, as seems to be supposed by the counsel for the appellant; nor does the case of *Harding vs. Harding*, 22 *Md.*, 337, tend to support a different principle. Besides, in this case, it is in proof that the husband, since the separation, upon being applied to by a friend of his wife to ascertain whether he would do anything for her, she being then sick, declared that he would neither live with her nor have anything more to do with her. Thus showing that the abandonment of the marital relation is not less deliberate and final on the part of the party complaining

than on the part of the party complained against; and under such circumstances, clearly, no final divorce should be granted.

But, although a divorce *a vinculo matrimonii* cannot be granted, the facts of the case show ample cause for a divorce *a mensa et thoro*. According to the most restricted definition of cruelty of treatment, as ground to decree separation, this case falls within it. The wife's conduct towards the husband is shewn to be violent and outrageous, and such as to render impossible the proper discharge of the duties of married life.

Concurring as we do with the Judge below, the decree appealed from will be affirmed, with costs of the appeal to the appellee.

*Decree affirmed.*

