(Decided December 2nd, 1897).

---

## PRESTON R. ANDERSON et al *vs.* WILLIAM H. CECIL.

*Equity Pleading—Reference to Court Records—Appointment of Re-*
*ceivers.*

A bill in equity must show that the plaintiff has an interest in the sub-
ject-matter and is entitled to institute the suit.

A mere reference in a bill of complaint to proceedings in another suit
in the same Court does not make the same a part of the plaintiff's
case, without the filing of exhibits, or the taking of any testimony.

As a general rule a receiver should not be appointed until the defend-
ant has had an opportunity to answer, and if this be not practicable,
it is the duty of the complainant not only to show that he has an
interest in the property in dispute, but also that the interposition of
the Court is absolutely necessary to preserve it from loss and injury.

Appeal from a decree of the Circuit Court for Queen
Anne's County (RUSSUM, C. J.), dismissing the bill of com-
plaint.

The cause was submitted to the Full Bench except Rus-sum, J., on brief by *Hope H. Barroll* and *James P. Gorter*, for the appellants.

Page, J., delivered the opinion of the Court.

The complainants in their bill allege, that by proceedings " in Chancery cause entitled *Preston R. Anderson et al* v. *Wm. J. Anderson et al.*—being No. 732 Chancery," referred to and prayed to be taken as a part of their bill, the trus-tees, John B. and E. H. Brown, sold unto the appellee certain real estate ; that the sale was reported to and ratified by the Court, but that a large part of the purchase money is still unpaid ; that on the petition of the trustees the Court or-dered a resale at the risk of the purchaser, but they have never resold the property ; that the appellee, who is insol-vent, has been permitted to continue in possession up to the present time ; that the real estate sold is an inadequate security for the purchaser's debt, and that of the sureties for the appellee " for his compliance with the terms of sale, William B. Shawn is dead, and the complainant believes and is informed, he is insolvent." The appellants further charge, " that on said farm at the present, there are valuable crops," of wheat and corn, " which if secured and applied to the payment of the ' complainants' claim, would ' tend to secure ' the complainants in a small measure at least ;" and that if they be not so applied the complainant will be unable to secure anything in excess of the market value of the land, and that the only way in which this can be done, is by the appointment of a receiver and the granting of an injunction to restrain the appellee and his agents and ser-vants from interfering with the receiver. The prayer of the bill is for a receiver and injunction and general relief. Appended to the bill there is an affidavit of one of the com-plainants, to the effect that the matters set forth in the bill are true " to the best of his knowledge and belief." It does not appear there were any exhibits filed with the bill. There is set out in the record what purports to be a copy

of a part of the proceedings in the *Chancery case, No. 732;* but there is nothing to show it was filed with the bill as an exhibit, or was before the Court when the decree appealed from was passed. The Court refused to appoint a receiver and dismissed the bill, and this action forms the subject of this appeal.

It must be noted, that in the record before us the nature and character of the complainants' interest is nowhere stated. In the last paragraph of the bill it is alleged, that unless the crops are applied to the payment of the purchase money due to the trustees, there will be no other way to secure anything towards payment of the large sum due to the complainants. But on what account or from whom the indebtedness is due, can only be conjectured. Even if the proceedings in No. 732, as set forth in the record, be considered, the Court is left no wiser than it was before. It is true some statements were made by the counsel for the appellant tending to explain the interest of the complainants ; but this Court cannot look outside the record for the facts of the case. In this particular the bill is fatally defective ; it being an elementary principle, that to entitle a party "to sustain a bill he must show an interest in the subject of the suit, or a right to the thing demanded, and proper title to institute the suit concerning it." *Sellman* v. *Sellman*, 63 Md. 522.

But apart from this we cannot regard any of the proceedings in No. 732 Chancery as having been before the learned Judge who passed the decree below, or properly in the case before this Court. As we have said, there is nothing in the record to show that these proceedings were presented to the Court, and it is clearly stated in the affidavit of the Clerk having charge of the Chancery proceedings in the Circuit Court of Queen Anne's County, that the bill was "the only paper filed or ordered to be filed in the case, and that no exhibits accompanied the same," and that the "report of sales and other proceedings from No. 732 were incorporated in the record, after appeal," by order of counsel, "and form no part of the case except by reference in the

bill." If, as contended at the argument, the complainants'
right to the relief prayed for in the bill rested upon any-
thing contained in those proceedings, they should have
exhibited with the bill, such evidence of their claim as
would satisfy the Court of the correctness of their conten-
tion. If the facts rest in record or depend upon written
evidence, such documentary evidence of their truth, as office
copies, or short copies and docket entries are required.
*Myers* v. *Amey*, 21 Md. 306.

The fact that the proceedings referred to may be in the
same Court will not relieve the complainants of this obliga-
tion. " A Court will take notice of its own records, but
cannot travel for this purpose out of the records relating to
the particular case ;" it cannot take notice of the proceed-
ings in another case, " unless such proceedings are put in
evidence." 2 *Wharton on Evidence*, sec. 326, and authorities
there cited.

It is not charged in the bill that the appellee is acting
fraudulently or is wasting the property. The averments
substantially amount to no more than that the trustees have
not resold the property, and that the appellant, who is in-
solvent, remains in possession of the property, receiving the
profits thereof, which will be lost to the appellants unless
the Court interfere. Whether such facts would warrant the
appointment of a receiver, after notice to the defendant, we
do not deem it necessary to determine. It is clear the
necessity shown is not sufficiently stringent to authorize
such appointment, without first having heard the defendant
in response to the application. In *Frostburg Building Asso.*
v. *Stark*, 47 Md. 345, this Court, referring to the subject,
said, "if it be practicable the defendant ought to have an
opportunity to put in his answer, and if this cannot be done
it is the duty of the complainant, not only to show that he
has an interest in the property in dispute, but that the inter-
ference of the Court is absolutely necessary to preserve it
from loss and injury."

*Decree affirmed.*

(Decided December 2nd, 1897).