# ELIZA JANE GILL *vs.* WILLIAM E. GILL.

*Divorce—What Constitutes Abandonment.*

Abandonment, in order to constitute sufficient cause for a divorce *a vinculo*, must be the deliberate act of the party complained against, without justification in the conduct of the other party, made with the intent that the marriage relation shall no longer exist, and lasting for the period prescribed by statute.

A husband left his wife and remained separated from her uninterruptedly

for more than ten years, although living in the same city, and failed to provide in any manner for her support. Upon a bill for a divorce *a vinculo* by the wife he made no defence and offered no explanation of his desertion or of his failure to provide for her. *Held*, that the plaintiff is entitled to a decree of divorce.

Appeal from a decree of the Circuit Court of Baltimore City (RITCHIE, J.)

The cause was submitted to the Court on brief by :

*Charles W. Heuisler*, for the appellant.

No appearance for the appellee.

PEARCE, J., delivered the opinion of the Court.

We are not able to agree with the learned Judge of the Circuit Court by whom the bill of the appellant for a divorce *a vinculo matrimonii* was dismissed. The ground upon which he proceeded, as stated in his opinion, is that the allegations of the bill as to the abandonment of the plaintiff by the defendant are not sustained by the degree of proof required under the decision in *Lynch* v. *Lynch*, 33 Md. 328. In that case the bill was filed by the husband against the wife for a divorce *a vinculo*, and the Circuit Court being of opinion that there was no proof of an intention on the part of the wife to bring about a separation—though her conduct was so outrageous as to justify him in leaving her—refused the prayer for a divorce *a vinculo*, but granted a decree *a mensa et thoro*. On appeal this decree was affirmed, because, as JUDGE ALVEY said, the proof showed unbearable persecution of the husband by the wife, while living together, but also showed that, so far from having a deliberate design of producing an abandonment, after her paroxysm of passion had subsided, she was always ready to admit her fault and willing to become reconciled, and that the desertion of the common home was the act of the complainant. These findings upon the proof, as we think, clearly discriminate these cases, and deprives the case in 33 Md. of any authority adverse to the complainant in this case. The

rule laid down in 33 Md. is that abandonment, to constitute ground for a final divorce, must be the deliberate act of the party complained of, done with the intent that the marriage relation should no longer exist, and this is in full accord with the best considered cases elsewhere.

Thus in *Gregory* v. *Pierce*, 4 Metcalf, 479, CHIEF JUSTICE SHAW says : "It must be a voluntary separation from, and abandonment of the wife, embracing both the fact and intent of the husband to renounce *de facto*, and as far as he can do so, the marital relation." And in *Bennett* v. *Bennett*, 43 Conn. 313, "Desertion, in the marriage relation, consists in the breaking off of cohabitation, with a determination not to renew it." These judicial declarations as to what constitutes abandonment or desertion in law, agree with the definition of the leading text-writer of this country upon this subject, Mr. Bishop, who says in his work on *Marriage, Divorce and Separation*, vol. 1, secs. 1662 and 1663. "Desertion as a matrimonial offense, is the voluntary separation of one of the married parties from the other, or the voluntary refusal to renew a suspended cohabitation, without justification either in the consent, or the wrongful conduct, of the latter. Its (inherent) affirmative elements are two—the cohabitation ended—and the offending party's intent to desert. The statute creates a third affirmative element, the lapse of a defined period of time. In all cases the criterion is the intent to abandon." 1 *Bishop*, sec. 1672. *Stewart on Marriage and Divorce*, secs. 254 and 255.

In the case before us, the proof shows that the parties were married October 14th, 1862, and that they have both since lived continuously in Baltimore City ; that there are two children of this marriage, one daughter born in December, 1863, and another daughter born in 1867 ; that the defendant left the plaintiff in 1883 and has never lived with her since. In answer to a question why her husband left her, Mrs. Gill says, because he was too lazy to support her ; that she gave him no just cause or provocation, and had always been a kind and affectionate wife to him. Two disinterested witnesses, one of

whom was a cousin of the defendant, testified in 1896 that the parties had been separated for fifteen or sixteen years. Neither one of these states the cause of the separation, but both testify that they have frequently during that period, talked with defendant, and that he never complained of his wife's conduct.

The plaintiff's bill was filed December 10th, 1892. The defendant was duly summoned, and having failed to appear and answer, a decree *pro confesso* was passed January 25th, 1901. The report of the auditor and master in favor of the decree prayed, was filed in February, 1901, and the bill was dismissed in March, 1901.

In all this there is no evidence of haste or impatience, or of passion or temper on the part of the wife. The husband was living in the same city. She endured the separation nearly ten years before she filed her bill. The husband was then summoned and failed to appear. After filing the bill she delayed four years before procuring an interlocutory decree, and final hearing was delayed for four years longer.

If the separation were shown to have resulted from necessity, as from the inability of the husband to provide for the wife, it would be a different situation, for while it is the duty of the husband, to the extent of his ability, to provide for his wife and children, there is, and there can be, no absolute guaranty that he will be able to discharge this duty. But here there is no attempt to prove inability, and in this state of the proof, the failure to provide a home and support for his wife must be taken to be wilful and deliberate.

In *Gregory* v. *Pierce, supra*, it is said: "The fact of desertion by a husband may be proved by a great variety of circumstances, leading with more or less probability to that conclusion. As, for instance, leaving his wife with a declared intention never to return; marrying another woman, or living in adultery abroad; absence for a long time, not being necessarily delayed by his occupation, or business or otherwise; making no provision for his wife, or wife and family, being of ability to do so; providing no dwelling or home for her, or

prohibiting her from following him ; and many other circumstances tending to prove the absolute desertion before described."

Tested by this guide, we think the proof in the case before us ample to warrant the decree prayed. There have been eighteen years of uninterrupted separation and failure to provide a support for his wife, unexplained by the necessities of any business or occupation, or by inability due either to misfortune or natural incapacity, and such failure can only be regarded therefore as wilful and deliberate. A husband who can endure for eighteen years a voluntary separation from his wife, can endure it throughout life, and one who has for that period proved faithless alike to his marriage vows and to his legal obligations resulting therefrom cannot, in our opinion, demonstrate more clearly his intention to disregard them to the end.

> *The decree of the Circuit Court is reversed with costs to the appellant above and below, and the cause is remanded that a decree a vinculo matrimonii may be passed in conformity with this opinion.*

(Decided June 14th, 1901.)