## HENSON MATTHEWS *vs.* MATILDA MATTHEWS.

*Divorce—Sufficiency of Evidence of Abandonment and Desertion—Proceedings in a Former Suit Not Proved in Second Case.*

Upon a bill for a divorce *a vinculo* on the ground of the abandonment and desertion of the plaintiff by the defendant, the evidence examined and held to show that the defendant had abandoned the plaintiff without just cause; that the separation had continued uninterruptedly for more than three years, and is deliberate and final; that the separation of the parties is beyond any reasonable expectation of reconciliation, and that the plaintiff is entitled to a decree of divorce.

The answer to a bill for a divorce alleged that the allegations of the bill had been passed upon by a decree of the same

Court in a former suit between the same parties, and that
no further cognizance ought to be had of the present cause.
Neither the testimony nor the decree in the former cause was
filed or proved in this suit. *Held,* that the proceedings in
the former cause, not having been put in evidence, are not
to be considered in determining the present case.

*Decided February 24th, 1910.*

Appeal from the Circuit Court for Washington County
(KEEDY, J.).

The cause was submitted to the Court on briefs by:

*Jos. W. Wolfinger,* for the appellant.

*Scott M. Wolfinger,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case was filed on the 5th day of December,
1908, in the Circuit Court for Washington County, by the
appellant against the appellee to procure a divorce *a vinculo
matrimonii,* on the ground of abandonment and desertion,
under Art. 16, sec. 36 of the Code of Public General Laws.

The appellant and appellee were married on the 16th day
of August, 1893, and lived together as husband and wife, in
Hagerstown, Md., until sometime in February, 1905. It is
charged by the bill and admitted by the answer that they
have lived apart for over three years.

The bill was filed on the 5th day of December, 1908, is in
proper form and contains the usual and necessary averments
in bills for divorce for abandonment and desertion under the
statute. If the averments of the bill are sustained by the
proof, the plaintiff is undoubtedly entitled to the relief sought
by this suit.

The statute, Art. 16, sec. 36, Public General Laws, pro-
vides the cause or the grounds upon which the Courts in this
State may decree a divorce *a vinculo matrimonii,* and one of

the causes is provided as follows: "When the Court shall be satisfied by competent testimony that the party complained against has abandoned the party complaining and that such abandonment has continued uninterruptedly for at least three years and is deliberate and final and the separation of the parties beyond any reasonable expectation of reconciliation."

This statute has frequently been before this Court for interpretation and the rules by which this and similar cases are to be controlled have been fully considered and stated by this Court.

In *Gill* v. *Gill,* 93 Md. 654, this Court re-affirmed the rule laid down in *Lynch* v. *Lynch,* 33 Md., to the effect that abandonment, to constitute ground for a final divorce, must be the deliberate act of the party complained of, done with the intent that the marriage relation should no longer exist, and we there said, "and this is in full accord with the best considered cases elsewhere." *Lynch* v. *Lynch,* 33 Md. 328; *Gill* v. *Gill,* 93 Md. 654; *Gregory* v. *Pierce,* 4 Metcalf, 479; *Bennett* v. *Bennett,* 43 Conn. 313.

Mr. Bishop in his work on Marriage, Divorce and Separation, Vol. 1, secs. 1662 and 1672, says desertion as a matrimonial offence is the voluntary separation of one of the married parties from the other or the voluntary refusal to renew a suspended cohabitation, without justification either in the consent or the wrongful conduct of the other. In all cases the criterion is the intent to abandon. And in *A. & E. Ency. of Law,* Vol. 9, page 764, it is said: Desertion is the wilful termination of the marriage relation by one of the married parties without lawful or reasonable cause or a refusal without reasonable cause to renew the marriage relation after parties have been separated.

In the case now under consideration, the evidence is clear and undisputed as to the continuous and uninterrupted separation of the parties for the statutory period of three years, and that the abandonment of the husband by the wife, at the time of desertion, was deliberate and final.

The sole question for us to consider, on this record, and one of the requirements of the statute that the plaintiff must meet, is whether this conceded separation of the parties for over three years is beyond any reasonable expectation of reconciliation. And this brings us to a consideration of the pleadings and proof set out in the record.

The bill, after alleging the marriage on the 16th day of August, 1893, in Hagerstown, Maryland, where both of the parties resided, and where they lived until their separation, and that no children have been born of the marriage, and that the plaintiff provided a home for the defendant, was always a faithful and loyal husband to her, giving her no cause or reason to leave his home, alleges in the third paragraph of the bill: That on the 14th day of February, 1905, the defendant abandoned and deserted him, without any cause whatever, that the abandonment is deliberate and final. and has continued for more than three years and is beyond any hope of reconciliation. And by the fourth paragraph of the bill, the plaintiff avers that he has not lived nor cohabited with the defendant since she left him and that he has always been willing to live with her and provide a home for her, as he always had done.

The defendant answered this bill on the first of February, 1909, admitting in part its allegations, except the allegation of abandonment and that the plaintiff is entitled to a decree of divorce, but avers by the fifth paragraph of the answer, that the allegations complained of in the bill filed in this cause were heretofore passed upon by a final decree of this Court passed in No.     Equity, in the Circuit Court for Washington County, Maryland, and no further cognizance ought to be had of this case.

To this answer the plaintiff filed a general replication on the 10th of February, 1909, joining issue on the answer, in so far as it denied the allegations of the bill and testimony was subsequently taken on behalf of the plaintiff, but none on behalf of the defendant. The testimony appears to have

been closed and returned at the request of the counsel for the plaintiff and consent of the counsel for the defendant.

The case was heard in the Circuit Court for Washington County, on the pleadings and evidence and from a decree passed on the 16th day of March, 1909, denying the relief sought by the husband and dismissing the plaintiff's bill, this appeal has been taken.

We cannot agree with the conclusion reached by the Court below, on the record in this case, that the plaintiff has failed to establish a case of abandonment and desertion on the part of the wife, within the meaning and contemplation of sec. 36 of Art. 16 of the Code of Public General Laws, as to entitle him to a divorce. On the contrary, we think, the proof is sufficient and ample not only to answer the requirements of the statute but to warrant and justify the decree asked by the plaintiff in his bill.

The uncontradicted evidence shows that the wife abandoned her husband's home more than three years ago, without any lawful and reasonable cause, and the separation has continued uninterruptedly since the day she left him to live with her sister in the same town. She has refused without reasonable cause and without any explanation whatever, to renew the marriage relation, although requested by her husband to do so, and has repeatedly stated to others that the separation was final and that she would never return to his home.

The plaintiff testified "that since my wife left me about four years ago, I have asked her to return and live with me but she said 'never again.'" He also testified, that she had left him several times before the final separation, that he was always ready and willing to provide a comfortable home for her and would be with her now, if she had stayed, that he had provided her a good home and gave her no reason to leave "our house."

The plaintiff's testimony is not only supported and corroborated by the undisputed testimony of four disinterested witnesses, but by all the circumstances surrounding the sep-

aration since and at the time of the desertion of the husband by the wife.

The witness, Washington, a nephew of the defendant, testified that he knew the plaintiff and defendant, that he visited their home while they lived together as husband and wife. "I remember the occasion about four years ago when Mrs. Matthews left Mr. Matthews. I know that she has never lived with him since. Mrs. Matthews, in a conversation I had with her about three or four months ago, told me that she would never live with Mr. Matthews as long as she lived. I have also heard her tell others in my presence that she would never live with him again. Mrs. Matthews has always had a high temper. Mr. Henson Matthews always provided a good home for his wife, and he always tried to have everything as comfortable as a poor man could. From my acquaintance with Mrs. Matthews, I believe the separation is final. She once spoke to me about her liking to have a home, and I told her that would be all right as soon as she and Mr. Matthews got together again, and she said, never as long as she lived."

There was also testimony to the effect that the defendant was previously married to one John Brown, now deceased, and they lived together awhile as husband and wife, but she deserted and abandoned him in the same manner as she did her present husband, that she had a "very mean and quarrelsome disposition," that the plaintiff had always been a faithful and loyal husband, and provided a comfortable home for her, but that she would not live with him, nor return to his home.

In this state of the proof, without any attempt on the part of the defendant to justify or explain her conduct in abandoning her husband's home, her continued absence therefrom although residing in the same town, and her declared intention never to return to him or to live with him again, although requested to return, we think all of the requirements of the statute are clearly and fully made out, and the plaintiff is entitled to the relief prayed.

The ground upon which the learned judge below denied the relief and dismissed the bill, as stated in his opinion, is, that "this is the second application made by the complainant for a divorce, the first being on the 2nd day of March, 1908. the same being equity cause No. 6879, and the application in this case being filed on the 5th day of December, 1908. On the 11th day of June, 1908, I filed an opinion in the first cause, and dismissed the bill of complaint." He then proceeds to deny the relief in this case upon the ground that the request by the husband of his wife to return to his home and live with him was made subsequent to the first suit, and was not made in good faith to accomplish the object of reconciliation. He then says: "This was the first time he had made any such request of her since the separation and in view of what he testified to in the other case; in view of the ground upon which the application in the other case was denied; and in view of the fact that just about the time he asked her to return he made application in this case, it requires no stretch of the imagination to see that the request was not made in good faith, to accomplish the object of reconciliation, but to get rid of the difficulty in the way of his desire for a divorce." He also states, "without further discussion I hereby refer to the opinion filed in No. 6879, in equity, and the views therein expressed," and rests his conclusion largely upon an alleged inconsistency between the facts in the first application above referred to, and those of this case, as to the sincerity of the effort made by the husband to reconcile his wife.

While there is a reference to the former suit in the defendant's answer, the record in this case fails to disclose a certified copy of the testimony, the decree, the opinion of the Court below or any of the proceedings in the former case to be taken and used as evidence in this case. There was no testimony taken at all on the part of the defendant or any exhibits filed before the Examiner. The proceedings in the first case were not therefore properly before the Court below

in this case, and not being in the record, are not before us on this appeal.

In *Anderson* v. *Cecil*, 86 Md. 490, this Court said: This Court cannot look outside the record for the facts of the case. If as contended at the argument, the complainant's right to the relief prayed for in the bill rested upon anything in those proceedings, they should have exhibited with the bill, such evidence of their claim as would satisfy the Court of the correctness of their contention. If the facts rest in record or depend upon written evidence, such documentary evidence of their truth, as office copies, or short copies and docket entries are required. *Myers* v. *Amey,* 21 Md. 306.

The fact that the proceedings referred to may be in the same Court will not relieve the parties of this obligation. "A Court will take notice of its own records, but cannot travel for this purpose out of the records relating to the particular case; it cannot take notice of the proceedings in another case, unless such proceedings are put in evidence." 2 *Wharton on Evidence,* sec. 326.

In *Fisher* v. *Fisher,* 95 Md. 320, it was held, if there be reason for the suspicion that important testimony has not been produced the Judge may of his own motion elicit such evidence, in any manner that the rules of his tribunal will allow.

In *Fisher's Case, supra,* the Judge sent for the solicitors in the case, and in open Court they admitted to the Court that the parties to the cause on trial were the same persons who were parties in the former case of *Fisher* v. *Fisher,* where a bill and a cross-bill for divorce had been dismissed upon the ground that both parties were *in pari delicto,* that is, had violated their marital vows. This Court in passing upon the facts of that case said, it was entirely proper for the Judge to elicit, on his own motion, proof as to the identity of the parties and it having been admitted that Louisa Fisher and William L. Fisher parties to this cause are the same persons who were the parties to the antecedent cause, the bill was properly dismissed.

In this case, there is nothing in the record to show that the proceedings in the former case were put in evidence, and the mere reference to the proceedings in the answer is not supported by any proof whatever. It would not be sufficient, even if it was considered by the Court, to establish the defence of *res. adjudicata,* or avail the defendant on this appeal, without disregarding the testimony on the part of the plaintiff by four disinterested witnesses, set out in this record, as to the intention and determination of the wife to live apart from her husband, and to defeat the plaintiff's application under the facts of this case. *Feigley* v. *Feigley,* 7 Md. 537.

The testimony, we think, fully supports the plaintiff's case, and entitles him to a decree *a vinculo matrimonii,* as prayed by the bill.

The cases of *Twigg* v. *Twigg,* 107 Md. 680, and *Wheeler* v. *Wheeler,* 101 Md. 435, relied upon by the appellee, are entirely unlike this, and rest upon dissimilar facts.

For the reasons stated, the decree of the Circuit Court for Washington County, passed on the 16th day of March, 1909, will be reversed and the cause is remanded, to the end that a decree *a vinculo matrimonii,* may be passed in conformity with this opinion.

> *Decree reversed, cause remanded to the end that a decree a vinculo matrimonii, may be passed in conformity with this opinion, with costs to the appellant above and below.*