ORPHA J. PYLE, Administratrix, Appellee, v. CLYDE L. HERRING et al., Appellees; DES MOINES UNION RAILWAY COMPANY, Appellant.

**NEW TRIAL:** Procedure to Procure—Motion (?) or Petition (?)
1   An application for a new trial, in the form of a *motion* made after the expiration of three days after the return of verdict (Sec. 3756, Code, 1897), may be treated as a *petition* for a new trial, under Sec. 4091, Code, 1897, *when said so-called motion contains all the matters. required in a petition.*

**NEW TRIAL:** Procedure to Procure—Hearing on Petition—Pro-
2   duction of Evidence—Waiver. Evidence in support of a *petition* for a new trial, filed subsequent to the expiration of three days after the return of the verdict, *must be produced precisely as required in any ordinary proceeding,* and the one 'opposing such petition does not waive such requirement by simply failing to demand that the petitioner make such production.

PRINCIPLE APPLIED: See No. 3.

**EVIDENCE:** Judicial Notice—Judicial Proceedings and Evidence
3   Received. The court, on the hearing on a *petition* for new trial, under Sec. 4091, Code, 1897, cannot take judicial notice of evidence introduced in the trial of the cause at a time *when the defendant in said petition was not a party to the action,* even though such evidence was duly preserved and made of record in the cause by the filing of the shorthand notes, with proper certificate thereto.

PRINCIPLE APPLIED: An action for damages for wrongful death was on trial against several defendants. At the close of plaintiff's evidence, one of the defendants moved for a directed verdict in his favor, on the ground that the evidence wholly failed to show that he was responsible for the death. The motion was sustained, and verdict was so returned, followed by immediate judgment thereon. The trial proceeded as to the remaining defendants. In the course of such further trial, the

remaining defendants introduced photographs and other evidence, theretofore unknown to plaintiff, which tended to show that the defendant who had been discharged was really responsible for the death. The jury disagreed. Plaintiff, on due notice, filed a petition for a new trial against the discharged defendant, on the ground of newly discovered evidence, and in the petition, "referred" to such newly discovered evidence, and made it a part of his petition by such reference only. On the hearing on said petition, plaintiff did not introduce such new testimony; but the shorthand notes, duly certified, had then been filed. The defendant did not demand that said testimony be introduced,—just remained silent.

*Held*: (1) the introduction, as in an ordinary action, of the testimony in support of a petition for a new trial, is absolutely necessary.

(2) The defendant did not waive the introduction of said testimony.

(3) The court could not take judicial notice of said testimony.

NEW TRIAL: Discretion of Court—When Court Has No Discretion.
4   Courts have no discretion to grant a new trial on the ground of newly discovered evidence when there is no evidence whatever to support the same.

PRINCIPLE APPLIED: See No. 3.

*Appeal from Polk District Court.*—W. H. McHENRY, Judge.

SEPTEMBER 24, 1917:

REHEARING DENIED MARCH 12, 1919.

THIS action is prosecuted in the name of the administratrix of the estate of Franklin J. Milligan, against Clyde L. Herring, doing business as the Herring Motor Company, the Herring Motor Supply Company, the Herring Motor Company, the Ocean Accident and Guarantee Corporation, and the Des Moines Union Railway Company, for damages resulting from injuries which, it is alleged, were negligently inflicted upon Milligan, causing his death. Upon motion of the Des Moines Union Railway Company, appellant herein, at the close of plaintiff's testimony, the jury, by direction of the court, returned a verdict in its favor. Thereaf-

ter, the trial was proceeded with against the other defend-
ants. The exact interest of the Ocean Accident and Guar-
antee Corporation in the subject-matter of the litigation
does not appear from the record.

After the verdict had been returned in favor of appel-
lant, evidence consisting of photographs and other testimony
tending to show that the injuries causing the death of Milli-
gan were due to the negligence of the Union Railway Com-
pany was offered on behalf of the defendant Herring. More
than three days after the jury had returned the verdict
aforesaid, plaintiff filed a motion to set aside the verdict re-
turned in favor of the defendant Union Railway Company,
upon the ground of newly discovered evidence. Due notice
of the filing of said motion was served upon all adverse
parties. Attached to the motion were the affidavits of plain-
tiff, her attorneys, and one of the attorneys for the Ocean
Accident and Guarantee Corporation, tending to show dili-
gence upon their part in procuring testimony, and that the
failure to produce the evidence relied upon herein was
not due to negligence. The photographs, the testimony of
the photographer who took the same, and other testimony
relative thereto, offered in evidence upon the trial by the
defendant Herring on his behalf, were referred to in the mo-
tion for new trial, and, by reference only, made part there-
of. The further material facts are hereafter referred to.
The motion was sustained, and the defendant the Des
Moines Union Railway Company appeals.—*Reversed.*

*Parker, Parrish & Miller,* for appellant.

*Dale & Harvison, C. V. Cox, Clark, Byers & Hutchin-
son,* and *Miller & Wallingford,* for appellees.

STEVENS, J.—I. On behalf of appellant, it is argued
that an application for new trial after three days must be
made by petition, and not by motion. Appellee practically

concedes this to be the rule, but contends that the motion met all the purposes of a petition, was not objected to by appellant, and was so treated by counsel and the court; and that appellant waived the right to object to the form of the application.

1. NEW TRIAL: procedure to procure: motion (?) or petition (?)

The form of the application was not questioned by counsel for appellant, and, as the allegations thereof substantially conformed to the requirements of a petition for new trial on the ground of newly discovered evidence, it was properly treated as such by the court. *Callanan v. Aetna National Bank,* 84 Iowa 8; *Heim v. Resell,* 153 Iowa 356; *Hunter v. Porter,* 124 Iowa 351; *Wilson v. McCutchen,* 138 Iowa 225.

II. The point is made by counsel for appellee that appellant's abstract does not correctly and fully present the record in the court below. The specific denial of appellant's abstract relates to the evidence offered upon the trial after the jury had returned a verdict in favor of appellant. None of this evidence is incorporated in appellant's abstract, but appellee has filed an additional abstract containing the same. The alleged newly discovered evidence consisted of the photographs and the testimony of several witnesses introduced upon the trial in behalf of Herring. The only record of the proceeding upon the hearing of the petition for a new trial is that of the ruling of the court sustaining the same, and the exception of counsel for appellant thereto. It is not claimed that the photographs, the reporter's shorthand notes, or other testimony, were offered upon the hearing of the petition, nor that counsel for appellant agreed that the same should be considered in evidence, or treated by the court as having been offered; nor is there anything in the record from which such agreement or consent thereto on the part of

2. NEW TRIAL: procedure to procure: hearing on petition: production of evidence: waiver.

counsel for appellant may be inferred. Indeed, both the abstract of appellant and the additional abstract of appellee are wholly silent as to the proceedings upon the hearing of the petition, except as above stated. The affidavits attached to the petition contained no statement of the alleged newly discovered evidence.

This court, in *Heim v. Resell*, supra, held that:

"When an unsuccessful party desires to secure a new trial on the ground of newly discovered evidence, by a proceeding instituted otherwise than within three days, as provided in Code Section 3756, he must support his allegations by evidence, and that affidavits which might have been received on a motion for a new trial, filed within three days, are not competent or sufficient in themselves to sustain his allegations."

See, also, *Carpenter v. Brown,* 50 Iowa 451; *Markley v. Owen,* 102 Iowa 492.

It was incumbent upon the plaintiff to offer the evidence relied upon as in an ordinary proceeding, so that the court could determine whether the same was cumulative, material, or competent to establish any issue in the case. *Town of Manson v. Ware,* 63 Iowa 345; *Heim v. Resell,* supra.

Had affidavits or secondary evidence been offered, and the defendant failed to object thereto, he would have waived the right to thereafter complain because the best evidence had not been produced. This is the effect of the holding in *National St. Bank v. Boesch & Son,* 90 Iowa 47, cited by counsel for appellee. But the alternative of objecting to inadmissible testimony or waiving such objection was not presented, as no evidence of any character was offered upon the hearing. Surely, counsel for appellant was under no obligation to demand the introduction of evidence to sustain the allegations of plaintiff's petition, but had the undoubted right to await the offer thereof, and then object thereto,

if they desired to do so. The point presented is not one where counsel has neglected to object when objection should have been made, and permitted their adversary to introduce improper testimony, but a situation in which no evidence was offered.

III. But it is also contended by counsel that the duly certified official shorthand report of the trial, when filed in the office of the clerk, became a part of the record in

3. EVIDENCE: judicial notice: judicial proceedings and evidence received.

the case, and that the exhibits, which were a part of the record, and the official shorthand notes, were referred to in the petition for new trial, and by such reference specifically made a part thereof, and that the trial court would take judicial notice thereof.

. While it is true, as claimed by counsel, that the trial court is presumed to know what occurred during the trial, yet it was held, in *Baker v. Mygatt,* 14 Iowa 131, that it could not take judicial notice of the record in another case, even though the judge in fact remembered the contents of such record; while the Supreme Court of Maryland, in *Matthews v. Matthews,* 112 Md. 582 (77 Atl. 249), held that, on the second hearing of a divorce case, the court could not take judicial notice of the record of the former proceeding. See, also, *Streeter v. Streeter,* 43 Ill. 155. The Supreme Court of West Virginia, in *State v. Davis,* 68 W. Va. 142 (69 S. E. 639) held that a criminal court could not take judicial notice of a former conviction, even though the same occurred on a previous day of the same term. This court, in *Constantine v. Rowland,* 147 Iowa 142, which was an action for damages on an indemnifying bond in an attachment proceeding, held that the court could not take judicial notice of the statement in the petition in the attachment suit that defendant was a nonresident of the county where the action was brought. In the following cases, it was held that, while a court will take judicial no-

tice of its own records, it will not, in one case, take judicial notice of the record in another case: *Fassler v. Streit*, 92 Neb. 786 (139 N. W. 628); *Anderson v. Cecil*, 86 Md. 490 (38 Atl. 1074); *Hall v. Cole*, 71 Ark. 601 (76 S. W. 1076); *Loomis v. Griffin*, 78 Iowa 482; *Haaren v. Mould*, 144 Iowa 296; *Matthews v. Matthews*, supra; *Grace v. Ballou*, 4 S. D. 333 (56 N. W. 1075); *McCormick v. Herndon*, 67 Wis. 648 (31 N. W. 303); *McNish v. State*, 47 Fla. 69 (36 So. 176); *Wellman v. Hoge*, 66 W. Va. 234 (66 S. E. 357); *O'Connor v. United States*, 11 Ga. App. 246 (75 S. E. 110); *People v. Carr*, 265 Ill. 220 (106 N. E. 801); *Keaton v. Jorndt*, 259 Mo. 179 (168 S. W. 734); *Streeter v. Streeter*, supra. The Supreme Court of Arkansas, 'in *Murphy v. Citizens' Bank*, 82 Ark. 131 (100 S. W. 894), held that the court could not take judicial notice of its own records in other cases pending therein, even between the same parties. It has been held, in a garnishment proceeding, that the court will take judicial notice of the judgment rendered in the principal case. *Texas & P. R. Co. v. W. C. Powell & Son*, (Tex.) 147 S. W. 363. In *Bunting v. Powers*, 144 Iowa 65, it was held that the court would take judicial notice of the decree claimed to have been violated in a contempt proceeding.

The directed verdict was returned by the jury on January 11, 1916, and on the same day, judgment was entered thereon in favor of appellant. Defendant, when the verdict was returned, filed, and judgment entered, ceased to be a party to the further proceedings, and was not required, for any purpose, to take notice of the further progress of the trial. The jurisdiction of the court had terminated, for all purposes except to pass upon a motion for new trial, filed within three days after the verdict. Jurisdiction to pass upon a petition for new trial upon the ground of newly discovered evidence, filed more than three days after the verdict, could only be had upon

notice to the adverse party. *Hawkeye Ins. Co. v. Duffie,*
67 Iowa 175; *Owen v. Smith,* 155 Iowa 463; *Hamill v.
Joseph Schlitz Brewing Co.,* 165 Iowa 266; *Loos v. Callen-
dar Sav. Bank,* 174 Iowa 577; *Scott v. Scott,* 174 Iowa 740;
*Kwentsky v. Sirovy,* 142 Iowa 385; *Todhunter v. De Graff,*
164 Iowa 567; *Willson v. District Court,* 166 Iowa 352;
*Des Moines Union R. Co. v. District Court,* 170 Iowa 568.

Numerous of the above-cited cases hold that the court
cannot take judicial notice of the record or proceedings in
the same case tried at a prior term, even though the trial
judge personally remembers the record in detail. In *Heim
v. Resell,* supra, the doctrine that it is incumbent upon
the moving party to present the newly discovered evidence
upon the hearing of a petition for new trial, is clearly and
emphatically stated. The record does not disclose that
any evidence, competent or otherwise, of the alleged newly
discovered evidence was offered or before the court upon
the trial of the petition. The reference to exhibits and
shorthand notes in the petition, making the same a part
thereof, was not different from a like reference thereto in
pleading generally. The court could not take judicial no-
tice of the evidence offered upon the trial of the remaining
defendants, after verdict had, by direction of the court,
been returned in favor of appellant.

IV. It is true, as claimed by counsel, that the trial
court generally exercises large discretion in passing upon
a motion or petition for new trial, and this court will
rarely interfere therewith; but it cannot
be said that this rule applies to cases where
the petition, based solely upon the ground
of newly discovered evidence, is supported
by no evidence thereof. The court can then exercise no dis-
cretion whatever: the petition must be denied.

4. NEW TRIAL: dis-
cretion of
court: when
court has no
discretion.

Other matters urged are without controlling merit;
and it is our conclusion that the petition for new trial

should have been overruled, and the judgment of the court sustaining the same is reversed, and this cause is remanded for such further proceedings and hearing upon the petition for new trial as may be in harmony with the opinion.— *Reversed and remanded.*

GAYNOR, C. J., LADD, WEAVER, EVANS, and PRESTON, JJ., concur.