CARL HEINMULLER

*vs.*

HELEN P. HEINMULLER.

*Alimony: permanent; must show facts to justify divorce.*
*Abandonment: what is—; Section 4 of Article 35;*
*to prevent collusion; slight facts in corrobo-*
*ration; where case precludes collusion.*

In order to sustain a bill for permanent alimony, it is incumbent upon the plaintiff to allege and prove a state of facts which constitutes a cause for divorce *a vinculo* or *a mensa.*     p. 494

Abandonment to constitute ground for divorce must be a deliberate act of the party complained of, done with the intention that the marriage relation shall no longer exist.     p. 494

The object of Section 4 of Article 35 of the Code, to prevent collusion in applications for divorce, is gratified by slight corroboration of the plaintiff's testimony or allegations; where the whole case precludes the possibility of collusion the corroboration need be slight.                          pp. 494-495

The conclusion of the trial Judge, who had all the witnesses before him and took their testimony in open court, will not be reversed unless clearly wrong.                          p. 495

*Decided January 15th, 1919.*

Two appeals in one record from Circuit Court No. 2 of Baltimore City. (AMBLER, J.)

The facts are stated in the opinion of the Court.

The causes were argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Isaac Lobe Straus* (with whom was *Louis J. Roth* on the brief), for the appellant.

*Moses W. Rosenfeld* (with whom was *Harry B. Wolf* on the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

On the 6th day of October, 1917, Helen P. Heinmuller, the appellee, filed a bill of complaint against her husband, Carl Heinmuller, in which she prayed:

"(*a*) That your oratrix may be awarded the care, custody and guardianship of the two infant children, Carl and Louise M. Heinmuller;

"(*b*) That your oratrix may be declared to be entitled to receive by way of permanent alimony' such an allowance of her husband's estate as may be proportionate to his earnings and station in life;

"(*c*) That in the meantime the said Carl Heinmuller, her husband, may be required to pay unto your oratrix a reasonable sum for her support and maintenance and for the support and maintenance of the two infant children during the pendency of this suit, and any sum or sums of money as may enable your oratrix to employ counsel to prosecute this suit and to defray the necesary costs and expenses thereof;

"(*d*) That your oratrix may have such other and further relief as her case may require."

The grounds upon which this relief was asked were abuse, ill-treatment and abandonment of her by her husband. The defendant answered the bill and denied all the material alle-

gations as to the grounds of relief therein contained. On the 19th of November, 1917, the husband filed a cross-bill against his wife in which he charged that his wife had abandoned him, and prayed for a divorce *a vinculo matrimonii*, and the custody and guardianship of said minor children. The wife answered the cross-bill, and alleged that the separation of the parties was caused by no fault or misconduct on her part, but that her husband, without just cause, had abandoned her. In both bills the abandonment is alleged to have occurred on October 4, 1914.

The testimony upon both bills was taken in open Court, and the Court on April 16, 1918, passed a decree dismissing the cross-bill, and further decreed:

"(*a*) That the plaintiff in the original bill, Helen P. Heinmuller, be and she is hereby awarded the sum of fifteen ($15) dollars per week as permanent alimony, said sum to be subject to the further order of this court.

"(*b*) That the infant children mentioned in these proceedings, viz, Carl Heinmuller and Louise Heinmuller, be and they are hereby awarded to the custody of the mother, Helen P. Heinmuller, subject to the further order of this court.

"(*c*) That Carl Heinmuller pay the sum of fifty ($50) dollars to the solicitor for the plaintiff in the original bill, and to pay unto Helen P. Heinmuller, the plaintiff in the original bill of complaint, the sum of one hundred and thirty-seven dollars and fifty cents ($137.50), being the amount of alimony now in arrears upon the order heretofore passed in these proceedings."

It was further ordered that Carl Heinmuller pay the costs of the proceedings. This appeal was taken from that decree.

The evidence fails to show cruelty on the part of the husband, and that charge is not pressed in this Court. Before stating our finding upon the material and controlling facts, it is well to state the principles of law involved in the case. The bill of the wife asks for permanent alimony, and this was awarded her by the decree.

First.   In order to sustain a bill for permanent alimony it was incumbent upon the plaintiff to allege and prove a state of facts which constitutes a cause of divorce either *a vinculo* or *a mensa.*   This is the settled law of this State.   *Outlaw* v. *Outlaw,* 118 Md. 498; *Polley* v. *Polley,* 128 Md. 60.

Second.   The ground relied on here is abandonment, which we said in *Twigg* v. *Twigg,* 107 Md. 676, "must be the deliberate act of the party complained of, done with the intent that the marriage relations should no longer exist," and in *Matthews* v. *Matthews,* 112 Md. 582, it was said: "In *Gill* v. *Gill,* 93 Md. 654, this Court re-affirmed the rule laid down in *Lynch* v. *Lynch,* 33 Md. 328, to the effect that abandonment, to constitute ground for a final divorce, must be the deliberate act of the party complained of, done with the intent that the marriage relation should no longer exist, and we there said, 'and this is in full accord with the best considered cases elsewhere.' *Lynch* v. *Lynch,* 33 Md. 328; *Gill* v. *Gill,* 93 Md. 654; *Gregory* v. *Pierce,* 4 Metcalf, 479; *Bennett* v. *Bennett,* 43 Conn. 313."

Mr. Bishop in his work on *Marriage, Divorce and Separation,* Vol. 1, secs. 1662 and 1672, says desertion as a matrimonial offense is the voluntary separation of one of the married parties from the other or the voluntary refusal to renew a suspended cohabitation, without justification either in the consent or the wrongful conduct of the other.   In all cases the criterion is the intent to abandon.   And in *A. & E. Ency. of Law,* Vol. 9, p. 764, it is said: "Desertion is the wilful termination of the marriage relation by one of the married parties without lawful or reasonable cause or a refusal without reasonable cause to renew the marriage relation after parties have been separated."

Third.   It is provided by section 4, Article 35 of the Code, that no divorce shall be granted upon the testimony of the plaintiff alone; but in all such proceedings, testimony in corroboration of that of the plaintiff shall be necessary.   The object of the provision quoted is to prevent collusion, and when the whole case precludes, as it does here any possibility

of collusion, the corroboration need be slight.  *Clopton* v. *Clopton,* 11 N. D. 212; S. C. 91 N. W. 46; *Tuttle* v. *Tuttle,* 21 N. D. 503; S. C. 131 N. W. 460.

The question to be decided is: Does the proof offered in support of the plaintiff's case measure up to the legal requirements which we have stated?  That is a question of fact, and upon that question the conclusion reached by the Judge below, who had all the witnesses before him, and took their testimony in open Court is entitled to considerable weight.  There is a presumption in favor of his finding, and the decree ought not be reversed unless it appears to be clearly wrong.

Upon a careful consideration of the record we are satisfied that the evidence offered in support of the original bill was sufficient to show that the defendant had abandoned his wife as charged without lawful excuse, and that the decree appealed from should be affirmed.  Upon the material facts in the case the evidence is most conflicting,—that of the plaintiff and the defendant is utterly irreconciable.  No good result could possibly be subserved by an extended discussion of the evidence, and we will merely refer to some few facts and circumstances which we think are sufficient to sustain the decree.

It is conceded that Mrs. Heinmuller is a woman of excellent character, and she appears to have been a good mother and a faithful wife, and although there appears at times to have been some disagreements between herself and her husband, they were not so serious as to justify him in leaving her.  That the parties did separate on October 4, 1914, is clearly established by the record, and that the separation has continued uninterruptedly since that date.  The husband contends that she left him on that day, and took the children with her.  This is denied by the wife and her evidence on this point is corroborated by Charles L. Kohlstead, who visited the house after the husband had left.  The wife remained in the house for more than a week, and was then obliged to go with the children to her sister's to live.  The husband never returned to his home until after his wife had gone.  He refused to be reconciled to her, although she wrote

and mailed a number of letters asking him to return. Her testimony on this point is corroborated by other witnesses. His declarations to Mr. Kohlstead, considered in connection with his whole conduct, leave no doubt upon our minds that it was his deliberate intention to abandon his wife. Mr. Kohlstead testified that he was present at a conversation in which "the wife started to talk and see if they could not come together again and let bygones be bygones, and by that time it had not started very long, and Mr. Heinmuller got quick tempered, and said no, he would not do it." This witness detailed a conversation with Mr. Heinmuller in which he tried to induce him to return to his wife, but he refused to do so, saying "no, he could never live with her again."

These facts prove an abandonment of the wife by the husband under the principles stated in the earlier part of this opinion. The amount of alimony allowed by the decree is very moderate, and we see no reason to change it.

*Decree affirmed, the costs in both appeals to be paid by Carl Heinmuller, the appellant.*