# JOHN J. SCHILBACH

## *vs.*

# ANNA A. SCHILBACH.

*Divorce—Abandonment.*

Evidence of abandonment of husband by wife, *held* insufficient to justify a decree of divorce.

*Decided February 3rd, 1921.*

Appeal from the Circuit Court for Baltimore County, In Equity (DUNCAN, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Howard Bryant,* with whom was *George C. Kunkel* on the brief, for the appellant.

*T. Lyde Mason, Jr.,* for the appellee.

ADKINS, J., delivered the opinion of the court.

On March 13th, 1917, appellee filed the original bill of complaint in this case, in which she prayed for alimony *pendente lite* and counsel fee, for permanent alimony, and for further relief. On this bill an order *nisi* was passed allowing counsel fee of twenty-five dollars, and six dollars per week alimony *pendente lite*. The bill charges that "the defendant left his home sometime during the month of February, 1916, voluntarily and wilfully and without any justification, and has failed and refused to contribute to the support of your complainant and the household and other expenses, with the exception of about thirty or thirty-five dollars, which was paid in five dollar payments irregularly between February

and July, 1916, and has paid to your complainant and the support of the household expenses absolutely nothing since July, 1916. That the said defendant has never returned to his home, and the home of your complainant, since February, 1916." It further charges that the defendant left his home because of his attachment for one Mrs. Cooper of Ellicott City, Md., "on whom he has spent considerable money in various ways, and with whom, your complainant alleges, he has cohabited and had improper relations on divers occasions"; that the defendant is a tailor by trade, and that complainant has reason to believe he is receiving a salary of from twenty-five to thirty-five dollars per week; that complainant is without any means of support except what she is able to earn by her own labor and the meager support she is given by her son, who is working for a small salary; that this son is the only child and lived with his parents until the separation and that complainant now resides with him. On May 8th, 1917, appellant filed an answer in which he denied that appellee had conducted herself as an affectionate wife and averred that, owing to her violent temper, appellee for the past four years made the life of appellant miserable and unhappy; he admits that he has not resided at his home since February, 1916, but avers that he has from time to time contributed to his wife's support in accordance with his financial means and earning capacity; he denies that he either voluntarily or willingly left his home, and avers that his wife deliberately ordered him out of his house, that she has threatened to shoot him, and has otherwise threatened his life; that owing to her violent and high temper she at times became so enraged that she would throw flower pots, etc., at him, thereby greatly endangering his life, and would at times deliberately strike and beat him, and otherwise made his life most unhappy, uncomfortable and miserable; that although he has made every effort, both in person and through the influence of their child, to become reconciled with her, and offered to forgive her for her rash acts and conduct, she always refused and now refuses him permission to return to his house or to

reconcile their differences.    He also denies the charge of improper relations with Mrs. Cooper, and avers that this malicious charge is the outgrowth of a jealous disposition on the part of his wife.    He denies that he receives the salary mentioned in the bill, and avers that for some time he was unable to secure steady employment, and has been making as little as three dollars per week, and that he has only recently secured employment, which is uncertain and may be terminated at any time; that he and his wife are the owners as tenants by the entireties of a fee simple lot of ground and improvements thereon located on the Belair Road, in Baltimore County, purchased with his money, valued at about six thousand dollars, on which there is a mortgage of about one thousand dollars, on which there has been default, by reason of which default foreclosure has been threatened; that he is indebted to sundry persons by reason of the fact that he was out of employment for some time, and that he has no funds on hand with which to pay dues and interest on the mortgage or his other indebtedness, and he is therefore anxious and willing to have a receiver appointed to dispose of said property, so that the said mortgage indebtedness may be paid, and the balance of the funds divided between himself and his wife.    He further avers that he is informed that his wife has funds on hand, and is earning sufficient money to support herself and to defray the necessary expenses for counsel to represent her in this case.

Subsequently appellee filed a petition asking for an increase of alimony, alleging that she had good reason to believe that her husband is making from fifty to sixty dollars a week, and that she has been sick and unable to work.    On this petition an order *nisi* was passed increasing the alimony to twelve dollars per week.    On February 17, 1920, appellant answered this petition denying its allegations and on the same day filed a cross-bill asking for a divorce *a vinculo matrimonii* on the ground of abandonment.    The cross-bill contains the allegations usually found in such a bill and the answer thereto contains the usual denials.    Testimony was

taken in open court before JUDGE DUNCAN who, after a patient hearing, decided that appellant's testimony as to the material allegations of his cross-bill was uncorroborated and that his cross-bill must be dismissed. He also granted appellee permanent alimony of twelve dollars per week.

From the decree dismissing the cross-bill and granting the permanent alimony this appeal was taken.

A review of the testimony would serve no useful purpose. We have examined it carefully and agree with the conclusions reached by the trial court. Nor is it necessary to repeat what was so well said by JUDGE BURKE, speaking for this Court, in *Heinmuller* v. *Heinmuller*, 133 Md. 491, as to the principles controlling cases of this character.

It is proper to say that we find no proof in the record sustaining the charge of criminal relations between the appellant and Mrs. Cooper; but there is evidence of association of a character calculated to excite the suspicions of the wife, and this appears to have been the cause, in a large part at least, for the marital troubles, arising late in the life of these people, who theretofore had lived in harmony. The wife testified that she still loved her husband and was willing to resume the marital relations with him provided he discontinued the objectionable association. He, on the other hand, in response to the inquiry of JUDGE DUNCAN whether there was any possible chance of their getting together, said: "Never."

No divorce having been granted, it is to be hoped that the parties may be able to reconcile their differences and to resume the happy relations which appear to have existed between them for so many years before their marital troubles began. Should that come about, the question of alimony will cease to be of importance. But if the separation should continue, the trial court will retain jurisdiction to deal with the matter of alimony as justice and the condition of the parties may from time to time require.

> *Decree affirmed and cause remanded, appellant to pay the costs.*