## Weymers, Appellant, *v.* Weymers.

*Divorce—Desertion—Evidence outside of record—Action thereon —Referred back to master.*

The interest which the Commonwealth has in the marriage relation and its continuance is sufficient warrant for a judge before whom a proceeding in divorce is pending, to bring upon the record any facts within his knowledge bearing upon the lack of legal justification for such divorce. The libellant and respondent are not the only parties concerned. The State is likewise an interested party and has a right to have all relevant facts involved in the case placed in the record whether offered in evidence by the parties or not. But such matters, introduced for the benefit of the Commonwealth, must be brought into the record in such a manner as to cause no injustice to the parties libellant and respondent.

Where in an action for divorce on grounds of desertion it appeared that the court below in reviewing the master's report, discovered that no evidence had been produced before the master of certain proceedings which the respondent had instituted against the libellant in the court of quarter sessions of the same county for desertion and nonsupport, it was proper for the judge to hold that they should have been introduced into evidence before the master and considered by him and to order them to be made a part of the evidence in the case. But this could only be done by referring the case back to the master and directing him to reopen the proceedings and introduce in evidence the record in the quarter sessions before referred to. The court had no authority to pass upon the record in the quarter sessions as part of the evidence in the case and refuse the divorce because of it, without referring the matter back to the master with instructions to receive such record in evidence and consider the same and without permitting the libellant to offer evidence tending to rebut or weaken its force and effect.

Submitted April 16, 1923. Appeal, No. 142, April T., 1923, by libellant, from decree of C. P. Cambria Co.,

June T., 1922, No. 503, refusing a divorce in the case of Emiel Weymers v. Hattie Zaremba Weymers. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAW- THROP, JJ. Reversed.

Libel in divorce. Before EVANS, P. J.

The facts are stated in the opinion of the Superior Court.

The case was referred to George C. Keim, Esq., as master, who recommended that a divorce be granted. Subsequently the court filed the following opinion refusing the divorce:

The ground upon which the libellant, Emiel Weymers, seeks a divorce from his wife, Hattie Zaremba Weymers, as set forth in his libel is:

"That the wife, in violation of her marriage vows and the 13th day of September, 1920, did wilfully and maliciously and without just or reasonable cause desert the libellant and that such desertion has been persisted in for more than six months immediately prior to the filing of the libel, to-wit, from on or about the 13th of September, 1920."

The libellant, in his testimony, sets up that on the 13th of September, 1920, he went to work in the morning and when he came home in the evening his wife was missing; that his wife had not told him she was going to leave; that he did not know where she went, and that he did not even hear where she went.

The records of the court of quarter sessions of this county show that there was entered to No. 26 of the December Sessions, 1920, a case of the Commonwealth of Pennsylvania v. Emiel Weymers, in which the prosecutrix was Hattie Weymers, who prosecuted her husband for desertion and nonsupport; that on the 8th day of December, 1920, the case was heard in this court and the court found the defendant, Emiel Weymers, had deserted his wife, and fined him $10 and costs, and directed that he pay $30 per month to his wife; that on the 2d of

May, 1921, an attachment was issued for nonpayment, and on the 6th of May, 1921, Hattie Weymers, the wife, receipts for $120, four months payment under the order of the court.

[Whether the court of common pleas would take judicial notice of the records of the court of quarter sessions in the same county we are not quite clear. Therefore we at this time direct that the records of the Court of Quarter Sessions of Cambria County in the case of Commonwealth v. Emiel Weymers, No. 26, December Sessions, 1920, shall become a part of the evidence in this case with the same effect as if introduced by one of the parties hereto.]   (1st assignment of error.)

The Emiel Weymers, defendant, in the quarter sessions case above referred to, is the same person as Emiel Weymers, the libellant in the present divorce proceeding, and the prosecutrix in the Quarter Sessions case, Hattie Weymers, is the same person as Hattie Zaremba Weymers, the respondent in the present divorce proceeding.

[The court of quarter sessions in this county having determined on the 8th day of December, 1920, that the libellant here had deserted his wife and directed that he pay $30 per month for her support was a finding by a competent court of a desertion of the wife by the husband, and this at a time when the libellant in this case charges that the respondent wilfully and maliciously deserted him.]   (2d assignment of error.)   It further appears from the record that on the 2d of May, 1921, an attachment was issued for Emiel Weymers for nonpayment or noncompliance with the order of the court, and on the 6th of May, 1921, the prosecutrix, the respondent here, receipts for $120, four months' support, which would indicate that the libellant here was supporting his wife, at least up to approximately the 6th of May, 1921.   There could therefore have been no wilful and malicious desertion by the wife such as would permit a divorce on part of the husband at the time charged in the

432, (1923).] Statement of Facts—Opinion of the Court.

libel, or any such desertion continuing for a period of two years up to this time.

We find therefore that there was no wilful and malicious desertion on part of the wife and that the husband is not entitled to a divorce on this ground, and we enter the following

### DECREE:

Now, 12th day of March, 1923, after due consideration, the divorce of Emiel Weymers from Hattie Zaremba Weymers, his wife, is refused.

*Error assigned,* among others, was the decree of the court.

*Marlin B. Stephens,* and *John H. Stephens,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY KELLER, J., July 12, 1923:

The interest which the Commonwealth has in the marriage relation and its continuance is sufficient warrant for a judge, before whom a proceeding in divorce is pending, to bring upon the record any facts within his knowledge bearing upon the lack of legal justification for such divorce. The libellant and respondent are not the only parties concerned. The State is likewise an interested party, (19 C. J. 19; 9 R. C. L. 253), and has a right to have all the relevant facts involved in the case placed in the record, whether offered in evidence by the parties or not. But such matters, introduced for the benefit of the Commonwealth, must be brought into the record in such a manner as to cause no injustice to the parties, libellant and respondent.

The learned president judge of the court below in reviewing the master's report, recommending that a divorce be granted the libellant on the ground of willful and malicious desertion, discovered that no evidence had

been produced before the master of certain proceedings which the respondent had instituted against the libellant in the court of quarter sessions of the same county, for desertion and nonsupport. In those proceedings an order had been made against the libellant, on December 8, 1920, for the payment of $30 per month to his wife, and an attachment had issued thereon against him on May 6, 1921, for failure to comply with said order. Having knowledge of said proceedings in the quarter sessions, and the order of the court therein, it was eminently proper for the judge to hold that they should have been introduced into evidence before the master, and considered by him, (Fisher v. Fisher, 95 Md. 320, 52 Atl. 898), and to order them to be made a part of the evidence in the case. But this could only be done by referring the case back to the master and directing him to reopen the proceedings and introduce in evidence the record in the quarter sessions before referred to. And the libellant was entitled to notice of such reopening and opportunity to rebut the force and effect of the order in the quarter sessions. Such a record is admissible in evidence in subsequent proceedings for a divorce by the husband against the wife on the ground of her desertion, but it is not conclusive as a bar against him: Bauder's App., 115 Pa. 480; Hahn v. Bealor, 132 Pa. 242; Carey v. Carey, 25 Pa. Superior Ct. 223; Schreckengost's Est., 77 Pa. Superior Ct. 235, 240.

The court had no authority to pass upon the record in the quarter sessions as part of the evidence in the case and refuse the divorce because of it, without referring the matter back to the master with instructions to receive such record in evidence, and consider the same, and without permitting the libellant to offer evidence tending to rebut or weaken its force and effect: Matthews v. Matthews, 112 Md. 582, 77 Atl. 249.

The second and third assignments of error are sustained. The decree is reversed and the record is remitted to the court below for further proceedings in accordance with this opinion.