## Abe Weiner *v.* Sarah Weiner, Appellant.

*Divorce—Desertion—Evidence—Opening of decree on ground of fraud and false swearing.*

In a libel for divorce on the ground of desertion the respondent was not personally served and did not appear. The testimony offered was sufficient to warrant a decree in divorce, which was granted. The respondent petitioned for an opening of the decree to let in her defense on the ground of fraud and false swearing.

On a rehearing it was shown that the evidence on which the decree rested was fabricated. There was evidence that the respondent had sued the libellant for desertion, and that he was under an order of court to pay her support. The testimony failed to establish an original wilful desertion on her part. It tended rather to show a series of desertions by the libellant, and that his only efforts to procure her return were made through strangers, long after the filing of the libel.

Under such circumstances an order granting a decree in divorce will be reversed.

Argued April 22, 1927.   Appeal No. 80, April T., 1927, by respondent from decree of C. P. Westmore-land County, May T., 1923, No. 364, in the case of Abe Weiner v. Sarah Weiner.   Before HENDERSON, TREX-LER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Libel in divorce.   Before COPELAND, P. J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Alex McConnell as master, who recommended that a divorce be granted.   The court entered a decree in divorce and subsequently made absolute a rule to open the decree to let in the respondent's defense.

The master was reappointed and on a rehearing granted a divorce.   The court sustained the decree. Respondent appealed.

*Error assigned* was the decree of the Court.

*James A. Chambers*, and with him *Eugene Warden*, for appellant.—The evidence does not establish grounds for a divorce: Bauder's Appeal, 115 Pa. 480; Bealor v. Hahn, 117 Pa. 169; Hahn v. Bealor, 132 Pa. 242; Weymers v. Weymers, 81 Pa. Superior Ct. 432; Ingersoll v. Ingersoll, 49 Pa. 249; Vanleer v. Vanleer, 13 Pa. 211; Finger v. Finger, 72 Pa. Superior Ct. 407; Mendenhall v. Mendenhall, 12 Pa. Superior Ct. 290; Middleton v. Middleton, 187 Pa. 612; Michaels v. Michaels, 65 Pa. Superior Ct. 464.

*R. E. Best*, and with him *Adam B. Shaffer*, for appellee.

OPINION BY KELLER, J., July 8, 1927:

This was an action of divorce brought by a husband against his wife on the ground of wilful and malicious

desertion.  Although he knew the city, street and number where his wife was living he did not disclose it in his libel, and the respondent was accordingly served only by publication and did not appear at the hearing before the master.  The libellant was not interrogated by the master as to his wife's residence, nor any effort made to learn her whereabouts, so that she might appear to and defend the action.  Libellant's testimony and that of his witnesses on this hearing were sufficient to warrant a decree of divorce.  Shortly after the decree was entered a petition was presented by the wife setting forth that said decree had been obtained by fraud and false swearing and praying that the decree might be opened and permission given her to defend said action, to the end that said decree might be revoked and set aside; and the rule to show cause granted on said petition was subsequently by agreement made absolute and the petitioner allowed to present her defense.

On the rehearing which followed it was shown that the evidence on which the decree of divorce principally had to rest was fabricated and fictitious; that the libellant and two of his witnesses (Mrs. Lapidus and her son) who testified to the desertion of the respondent having occurred while she and the libellant were living in a house in New Castle belonging to and rented from Mrs. Lapidus,—who resided next door—, had sworn falsely, in that Mrs. Lapidus, at the time stated, did not live in New Castle but in Pittsburgh, and owned no property in New Castle; that the Weiners had never rented any house from her in New Castle and did not live next door to her, but were living in a house owned by J. J. W. Morrow which they rented from him at the time Mrs. Weiner gave up housekeeping and had the furniture stored; an event which the Lapiduses had described with much detail as occurring from their house. The libellant himself on subsequent cross-examination

testified to all the places he had lived with his wife in New Castle and did not even mention the Lapidus house which on the first hearing he had sworn they were occupying when respondent deserted him. We are satisfied that this testimony of the libellant and Mrs. Lapidus and her son could not have been given without preconcerted arrangement, and its falsity not only discredits all of the libellant's testimony but would have justified his binding over on charges of perjury and subornation of perjury and the institution of a prosecution for perjury against Mrs. Lapidus and her son.

We have read all the testimony carefully and are not convinced that the charge of wilful and malicious desertion has been established against the respondent. We are rather of opinion that it shows a series of desertions of the respondent by the libellant. The parties were married in 1913. After living together about a year and a half he left her. A child was born to the respondent shortly afterwards. He did not see his wife or child or contribute to their support for over three years, when our entrance into the war and the operation of the draft made it desirable that he should be living with and supporting his family and he invited the respondent to live with him at New Castle where he was then engaged in business. They lived together harmoniously for several months, until the armistice was declared, and then he suggested that she should go back to Pittsburgh; and on her refusal to do so left her without support. She then stored the furniture and returned with her child to her people in Pittsburgh. This furniture, which the libellant testified on the first hearing had been bought and paid for by him, was replevied by his brother, who swore in these proceedings that it belonged to him and had been bought by him for the use of his brother. Respondent brought desertion proceedings against libellant, which were withdrawn upon his agreeing to provide a home for her and her

daughter.  He rented two furnished rooms in New Castle, one of which he slept in for a while, and the other for the use of his wife and daughter; and then without any request to his wife to accompany him he left New Castle and moved to Youngstown, Ohio, where he engaged in business.  He was sued for desertion and ordered to pay $18 a week for the support of his wife and child, which was later reduced to $50 a month.  This order was in force when he began his action in divorce, and the record of the proceedings was offered in evidence.

It is true this record was not conclusive of the libellant's desertion of respondent (Weymers v. Weymers, 81 Pa. Superior Ct. 432), but it is evidence to be considered in connection with the testimony of the witnesses.

The evidence chiefly relied on by the master and the learned court below we regard as of little weight.  The issue to be decided was whether on or about November 1, 1919, the respondent had wilfully and maliciously and without reasonable cause deserted the libellant and continued in said desertion for more than two years.  In the absence of an original wilful and malicious desertion, conversations between the respondent and strangers alleged to have been made over two years after the filing of the libel and during the pendency of the proceedings for divorce amount to nothing.  If the libellant honestly and in good faith desired to resume marital relations with his wife he could easily have asked her to do so.  Failing such request coming directly from him, his wife was not bound to pay any attention to the representations of strangers who were so far as she knew mere busybodies.

The decree is reversed and the libel dismissed at the costs of the appellee.