## Kearns, Appellant, v. Kearns.

Argued November 19, 1929. Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

508

William C. Alexander, for appellant.

John E. McDonough, for appellee.

OPINION BY BALDRIGE, J., February 28, 1930:

The parties to this divorce action were married on the 31st day of October, 1921. They lived together until the 14th of February, 1922. On October 26, 1928, the husband filed a libel in divorce alleging desertion and cruel and barbarous treatment. The master recommended that a divorce be granted on the ground of desertion.

The lower court, after carefully reviewing the testimony, as was its duty, (see Naylor v. Naylor, 59 Pa. Superior Ct. 547; Micheals v. Micheals, 65 Pa. Superior Ct. 464; Burns v. Burns, 84 Pa. Superior Ct. 489; Humphreys v. Humphreys, 85 Pa. Superior Ct. 488), concluded that there was no cause shown for a severance of the marital ties and dismissed the libel.

No good would be accomplished by a detailed discussion of all the incidents that followed the hasty and unfortunate marriage of this young couple. It is sufficient to state that most of the testimony was irreconcilable. The libellant's charge of desertion was denied by the respondent, who contends that the libellant withdrew from the home and that he moved her personal effects and household goods to her mother's house. The libellant was supported in part of his testimony as to his wife's conduct; on the other hand, important features of the story told by the wife were cor-

roborated. There is no dispute, however, that after the alleged desertion the husband gave his wife approximately forty-eight checks, dated a week apart, which does not tend to prove that the husband recognized a wilful desertion on the part of the wife. She testified that the checks were given for her support during the absence of her husband in Cuba and that after his return in June, 1922, he stopped payment of those which had not been cashed. It is true he explained that this action was the result of the respondent's refusing to return to him, but his conduct is not convincing that he had a sincere desire to reestablish a marital relation.

The libellant acknowledged that he was arrested, convicted, and served a sentence for open lewdness, which involved his intimacy with another girl with whom he had been associating on other occasions. The wife had her husband arrested for desertion in the Montgomery County courts and on the 19th day of October, 1928, he was sentenced to pay her $15 per week. Although this order was not conclusive of his desertion, it is persuasive evidence of that fact: Hahn v. Bealor, 132 Pa. 242; Weymers v. Weymers, 81 Pa. Superior Ct. 432. It is quite significant that the libellant did not consider himself sufficiently aggrieved to bring this action until one week after he was directed by the court to pay his wife.

We have gone carefully over and analyzed all the evidence and have reached the conclusion that the separation was probably not unwelcome to either of the parties. At least, there is no valid reason for disturbing the lower court's conclusion that under the conflicting testimony the libellant did not succeed in showing a sufficient cause for a divorce.

The decree is affirmed.