## Remsch v. Remsch.

*Hunsicker & Becktel,* for libellant; *James S. McKeon,* for respondent.

ALESSANDRONI, J., March 5, 1930.—The libel charges cruel and barbarous treatment and indignities to the person. The master recommends a dismissal of the libel, alleging failure of the libellant to substantiate these charges. A number of exceptions have been filed, the more important of which allege that the master erred in failing to find the respondent guilty of cruel and barbarous treatment and indignities to the person. Exception is also taken to the master's adoption as evidence of a report on the mental condition of the respondent, covering the period in which the respondent was alleged to have committed the acts of cruelty complained of. The libellant also complains that the master examined his daughter, a minor, privately, without affording him the benefit of hearing her testimony and the right to cross-examine her. The declarations of the child are considered as evidence by the master.

Upon careful review of the testimony and findings of the master, it is evident that she was affected by the unusual circumstances of this case. It appears that the libellant did considerably more than is ordinarily found in the good husband faced with the circumstances that confronted him in his married life. He worked regularly; he applied all of his earnings for the upkeep of his family; he underwent many trials; he gave an unusual exhibition of patience and forebearance for a man of his station. For many years

374

he had to put up with a wife who was given to continuous drunkenness. His devotion to his children undoubtedly held him to her, as well as the hope that eventually she would emerge from that unfortunate state. Later, he became the object of her violent attacks. Enough has been shown by the libellant in this regard to substantiate the charge of cruel and barbarous treatment. The libellant may not be deprived of the value of this testimony by the conjecture that the respondent was incipiently insane when the several acts of cruelty occurred. Even when insanity follows, as it has in this case, the husband may be granted a divorce if it appears that the conduct complained of ante-dated the period of lunacy: McDermott v. McDermott, 47 Pa. C. C. Reps. 151. See, also, Matchin v. Matchin, 6 Pa. 332.

The master has not given the testimony touching indignities the weight that it deserved. Respondent's continuous drunken debauch, with its accompanying evils of loss of temper, violence, use of vile language, calling of opprobrious names, keeping the other in a constant state of suspense, anxiety and mental suffering, would be sufficient of itself to make out this charge: Seidle v. Seidle, 10 D. & C. 518. A laudable humanitarian impulse induced the master to give weight to the findings in the medical report, as well as her examination of the child, but her findings thereon cannot legally be made part of the case: Weymers v. Weymers, 81 Pa. Superior Ct. 432. Nor can we now be concerned with the future status of the respondent in the event of her recovery. Provision will be made for the maintenance of the respondent during the period of her insanity compatible with the financial ability of the libellant. The misfortune of the respondent, great as it is, cannot work a denial of the libellant's rights under the law.

The exceptions of the libellant are sustained and the report is referred back to the master for findings in accordance with this opinion.