From Wm. F. Schutte, Beaver Falls.

## Lewis v. Lewis

*Albert Lloyd,* for libellant.

MORGANROTH, P. J., August 12, 1935.—This is an action in divorce wherein the libellant charges adultery. The master, to whom the case was referred, recommends that the decree be made on the uncorroborated evidence of the libellant. The respondent did not appear at the hearing before the master.

The libellant testified that the marriage took place at Weatherly, County of Carbon, in 1928, and that libellant and respondent lived together as husband and wife at that place for about 13 months. Libellant then went to Natalie to work, and respondent refused to go with him. He was arrested on a charge of desertion and nonsupport, and the case was dismissed. Respondent then joined him at Natalie, where they lived together as husband and wife for about one month, with a party by the name of Mutchler. In March 1930, one by the name of James O'Connor, of Pittsburgh, and David Billman and Emerson Thompson, the latter libellant's cousin, were visiting at Mutchler's. Libellant left with Thompson for Marion Heights, returned shortly after midnight, inquired for O'Connor, and was informed that he was outside. Shortly

afterwards O'Connor came in, sat down and took a couple of drinks, and then disappeared again. A little later libellant went to bed, and when he opened the door, O'Connor jumped out of the bed in which his wife was lying. The third day afterwards she removed her personal belongings by truck to Weatherly, where she has resided ever since.

Corcoran v. Corcoran, 73 Pitts. 511, is relied upon as authority for the granting of a divorce for adultery on the uncorroborated testimony of the libellant. In that case, however, the libellant was corroborated by his mother, and the respondent was present but declined to cross-examine either of the witnesses, nor did she offer herself as a witness in denial of any of the testimony. In the instant case, the Mutchlers, with whom libellant lived, Billman and the cousin Thompson, who were visiting at the Mutchlers on the night of the occurrence, were not called as witnesses, nor was any reason given why they were not summoned to give their testimony. Under such circumstances as these, a divorce should not be granted on the uncorroborated testimony of the libellant.

As was said in Weymers v. Weymers, 81 Pa. Superior Ct. 432, 435:

"The libellant and respondent are not the only parties concerned. The State is likewise an interested party, (19 C. J. 19; 9 R. C. L. 253), and has a right to have all the relevant facts involved in the case placed in the record, whether offered in evidence by the parties or not."

And now, August 12, 1935, decree in divorce refused.