MAURICE P. JUERGENS *v.* ELEANOR JUERGENS.
[No. 23, January Term, 1931.]

*Decided March 20th, 1931.*

The cause was submitted on briefs to Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Henry A. Warburton,* for the appellant.

*Henry L. Constable,* for the appellee.

Urner, J., delivered the opinion of the Court.

The parties to this suit for partial divorce and alimony were married February 9th, 1924, and their final separation occurred in March, 1929, shortly before the birth of their second child. In the meantime they had lived together in Elkton, Md., except for periods when the wife, who is the plaintiff, was visiting her mother in Passaic, N. J. The first child of the marriage was born there on November 30th,, 1924, the plaintiff having gone to her mother's home for the

confinement. This visit was followed at intervals by others, more or less prolonged, which were induced mainly by the fact that the plaintiff was in ill health and desired the benefit of her mother's care. When absent on these visits the plaintiff was provided with money by her husband, and she wrote him a number of affectionate letters, which are reproduced in the record. Upon her return to Elkton, on each occasion, except the last, the marital associations of the parties were resumed. But the evidence supports the conclusion of the chancellor that their "married life was discordant, the husband apparently being afflicted with an unamiable disposition and constantly administering 'silent treatment' to his wife, which was not conducive to mutual happiness and contentment." Prior to the plaintiff's return, early in March, 1930, from a visit to her mother, the defendant wrote her a letter containing the following expression: "I've been made a monkey out of long enough, but now my tune is turned. I never will be the same to you. * * * I know you don't feel good and I don't blame you one bit for not wanting to live in this town, and I know it isn't much of a place for any one to live is used to a city, so I think the best thing you can do is to stay home as I am sick and tired of it all. I have no money to send you now, so you will have to wait until the last of the week." On March 11th, 1930, the plaintiff came back to Elkton and found her husband at his mother's home, where he was about to retire for the night. She testified: "I walked upstairs and asked him what he meant, in sending me a letter to stay home, he knew that I was going home to have this baby, and I asked him what he meant, and what I was going to do, and he said he did not know what in the hell I was going to do and did not give a damn and was not going to live with me any more, he meant every word he said, he was through with me. I asked him for money, and he said I did not need any money. The five weeks I was home he only gave me $12.00, and I wanted money, he said you are not worth any money. * * * I asked him if he was going to get rooms and live with me and he would not answer me."

The plaintiff then went to the house which she and her husband had previously occupied, and after remaining there alone for two or three days she boarded elsewhere for two weeks until she went to the hospital for the birth of her baby. The defendant wholly neglected his wife during that period, and his attitude tended to confirm the desire indicated in his letter, and in the interview narrated by his wife, that their relations should end. His rejection of her overtures, and his failure to' return with her to their existing home, must be regarded as the cause of their continued separation. The decree of divorce *a mensa et thoro,* passed upon the theory that the defendant abandoned his wife, within the contemplation of the law, was therefore justified. Code, art. 16, sec. 39; *Sheehan v. Sheehan,* 156 Md. 656, 660, 145 A. 180; *Klein v. Klein,* 146 Md. 27, 125 A. 728; *Fleegle v. Fleegle,* 136 Md. 630, 110 A. 889; *Meginniss v. Meginniss,* 144 Md. 39, 124 A. 393; *Heinmuller v. Heinmuller,* 133 Md. 491, 105 A. 745; *Hubbard v. Hubbard,* 127 Md. 617, 96 A. 860; *Muller v. Muller,* 125 Md. 72, 93 A. 404; *Taylor v. Taylor,* 112 Md. 666, 77 A. 133.

*Decree affirmed, with costs.*