# CUSTI TOMKEY

*vs.*

# STATHULA TOMKEY.

*Divorce: desertion; insufficient proof.*

A divorce on the ground of desertion should not be granted where there is no evidence in the case but that of the petitioner, where the proof of the events described as constituting grounds for divorce are insufficient, and where the wife in her answer denies the allegations of the bill and alleges that the separation was the fault of the plaintiff.                    p. 295

*Decided February 2nd, 1917.*

Appeal from the Circuit Court for Harford County. (HAR-LAN, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER and STOCKBRIDGE, JJ.

*Frederick Lee Coburn* (with whom was *Harry S. Carver* on the brief), for the appellant.

*Stevenson A. Williams* submitted the case on a brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The appellant filed a bill for absolute divorce from his wife, the appellee, alleging that he was married to her in October, 1888, and lived with her in Harford County, Maryland, until May, 1909, but that while his conduct towards her was above reproach, she abandoned and deserted him and has declared her intention to live with him no longer, and that the separation thus occurring has continued uninterruptedly for more than three years and is beyond any reasonable hope of reconciliation. It was alleged that two children, a son and a daughter, now adults, were born of the marriage, and that the defendant, when last heard from, was residing in Greece.

The wife appeared by counsel in the suit and filed an answer in which it was averred that she resided with the plaintiff in Harford County until the year 1910, when by reason of ill health, and at the plaintiff's suggestion, she returned to Sparta in the Kingdom of Greece, which was her native country; that in the latter part of the year 1912 the plaintiff joined the defendant in Sparta and they lived together there as man and wife until March, 1913, when the plaintiff stated to the defendant that he desired to go back to the United States for the purpose of making some money and closing out his business interests there, and that he would possibly be absent a year or two, but would then return to the defendant in Sparta; that the plaintiff accordingly went to America in March, 1913, and has since failed to provide for the defendant's support. The answer denies that the defendant abandoned or deserted the plaintiff or declared her intention not to live with him, as alleged in the bill.

At the hearing of the case in the Court below it was testified by the plaintiff that he was married to the defendant in Greece in the year 1888; that he came to America in 1891, leaving his wife in Greece with their two children; that he returned there in 1897 and served about ten months in the army; spending only about fourteen days at home; that he

asked his wife to go with him to America, but she declined, suggesting that he go and make some money to raise the children, and he then left her with his mother; that in 1906 he sent his wife money to pay her way to America, but as she did not want to come herself at that time she sent their son; that he again sent her money in 1909 for traveling expenses, and that this time she made the voyage and came to Harford County, where she lived with the plaintiff for several months; that she had only been with him about two weeks when she received a letter telling her of the death of her sister, and from that time on she urged the plaintiff to let her go back to the old country, and in September, 1909, she returned to Greece, where she has since remained; that in 1912-13 he visited the home in Sparta occupied by his wife and son, which appears to have been owned by the plaintiff, and lived there about four months, though he says that he and the defendant did not then live together as man and wife; that he left Greece in 1913 and has since resided in this country. In the course of the plaintiff's testimony he stated that when his wife left America in 1909 she said that she could not live here any more and that if he did not want to go back to Greece, he could stay here with the children. The disposition thus described, in connection with the fact that the defendant has since remained in Greece, is claimed by the plaintiff to be sufficient to place his wife in the attitude of having abandoned him, within the meaning of the statute relating to divorce.

There is no testimony in the case, except that of the plaintiff himself, reflecting upon the question as to why he and his wife are living apart. The only other evidence in the record merely proves that the defendant has not been seen in Harford County since about the year 1909, and that she lived there for a period of only a few months. No proof has been adduced in confirmation of the plaintiff's statement that when his wife returned to Greece it was with the intention to remain there permanently and with the suggestion to him

that he might continue to live in America. Even if this were assumed to indicate a purpose on her part to terminate her marital relations with the plaintiff, we could not accept his unsupported testimony as a sufficient basis for a decree of divorce upon the ground alleged. It is provided by section 4 of Article 35 of the Code that no divorce shall be granted "upon the testimony of the plaintiff alone, but in all such cases testimony in corroboration of that of the plaintiff shall be necessary." In order to procure a divorce, under the allegations of the bill of complaint, it was incumbent upon the plaintiff to prove that the defendant deliberately left him with the intent to bring the marriage relations to an end, that the separation thus occasioned has continued uninterruptedly for the statutory period of three years, and that there is no reasonable hope of a reconciliation being effected. *Code,* Art. 16, sec. 37. As to each and all of these essential elements of a case for absolute divorce on the ground of abandonment, the testimony offered by the plaintiff is entirely inadequate. There is no corroboration of his statement as to the reason for his wife's return to Greece in 1909, or as to their having failed to resume marital relations on the occasion of his visit to their Spartan home in 1912-13, which was within three years before the filing of the bill, or as to why he returned to America without his wife at that time. In view of this fatal deficiency in the proof, it is clear that the decree of the Court below dismissing the bill would have been proper even in the absence of any defense to the suit, but the propriety of such a disposition of the case is emphasized by the fact that the wife is opposing a divorce, and in effect, charges in her answer that the plaintiff is himself responsible for the present separation.

In *Twigg* v. *Twigg,* 107 Md. 676, a husband filed a bill for divorce against his wife on the ground of abandonment. The wife had left the home of her husband, taking their seven children with her, more than three years before the suit for divorce was instituted. The bill was dismissed, and that

result was affirmed by this Court, because the testimony of the husband as to the circumstances of his wife's departure from their home, was not supported by any corroborative evidence worthy of consideration.   The opinion delivered by JUDGE BURKE in that case, after referring to the sanctity and importance of the marriage contract, said: "The courts can render the State great service by a rigid scrutiny of the testimony produced in divorce cases, and by a denial of the divorce in all cases where the proof does not fully measure up to the requirements of the law."   This sound principle of judicial action was duly observed in the decision under review.

*Decree affirmed, with costs.*