ALICE M. TARR *v.* JOSEPH S. TARR.

[Nos. 104, 105, October Term, 1932.]

*Decided February 15th, 1933.*

The causes were argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*L. Paul Ewell,* for the appellant.

*William G. Kerbin* and *Staton, Whaley & Price,* submitting on brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

Joseph Sidney Tarr and Alice M. Tarr, his wife, were married on March 31st, 1920, and lived together for over eight years. On November 13th, 1931, the husband filed a bill of complaint for an absolute divorce on the ground of abandonment and desertion by his wife. In her answer the wife categorically denied the material allegations of the bill of complaint, and, a few days after her answer, she filed a cross-bill in which she charged her husband with abandonment and desertion, alleged she was without means of supporting herself and meeting the costs and expenses of the litigation between her husband and herself, and prayed for a divorce *a mensa et thoro,* temporary and permanent alimony, and counsel fees. On this second bill of complaint, the chancellor passed an order *nisi* directing the husband to pay the sum of $100 as counsel fee for the wife's solicitor, and the weekly sum of $20 as alimony *pendente lite.* The husband showed cause why counsel fee and alimony should not be allowed, and denied all the material allegations of the wife's bill of complaint, except that he admitted his failure to contribute to her support, but justified his course on the ground of her alleged desertion. After testimony, which is not in the record, and a hearing, the wife was awarded $100 as a counsel fee for her solicitor, and the sum of $20 a month as alimony *pendente lite,* and the parties took their testimony in open court, before the chancellor, on the issue of divorce. An absolute divorce was granted the husband, and the cross-bill of the wife was dismissed, and she took an appeal from this decree.

Both spouses had been previously married, and no child was born of their union. The husband took his wife to his farm, where his daughter, a young woman, lived. Within a mile from his home the sister of the wife lived with her husband, Upshur Lang, and their young children. The sister fell sick in October, 1928, and the wife helped to nurse her, without any objection by Tarr. In November, Mrs. Lang was taken to the hospital, and Mrs. Tarr went with her, and returned when the invalid was brought back in January,

1929, the latter lingering until May 17th, 1929, when she died. During this period, Mrs. Tarr did not live at her home because of her nursing of her sick sister; but the husband and wife are in direct conflict in regard to the nature of this separation. The husband testified that, after his wife left his home in November, 1928, she declined to return to him; that her visits to his house were to get articles which she desired; and that all marital relations had ceased with her first departure. The wife insists that her going to her sister's was with no intention of desertion, but solely to nurse her ill sister, and that she sought to return to her husband, whose daughter had married and brought her husband to her father's residence, but that he declined to receive her, although she frequently visited him at his home during the day and he came to see her at her sister's dwelling, and that marital intercourse marked these occasions, and only ceased with his last visit of November 29th, 1931, which was after he had filed his bill of complaint for divorce.

It will illustrate no legal principle to present in detail and discuss the conflicting testimony in the cause at bar, which involves no more than the application of firmly established rules to the facts on this record; and so the conclusions of the court, after a careful consideration, analysis, and weighing of all the testimony, will suffice.

The testimony does not prove that the wife left the husband with the intention of bringing the marriage relation to an end, and that this separation thus occurring has continued uninterruptedly for the statutory period of three years next preceding the filing of the husband's bill of complaint, and that there is no reasonable hope of a reconciliation being effected. *Tomkey v. Tomkey,* 130 Md. 292, 100 A. 283; *Lynch v. Lynch,* 33 Md. 328. On the contrary, the court is convinced that the wife has endeavored to resume cohabitation, and that she has submitted to his embraces repeatedly during that period. The duty of cohabitation is more than the sexual act which it includes and contemplates. The spouses must dwell or live together, which carries certain implications. 1 *Bishop on Marriage and Divorce,* sec. 1669;

11 *C. J.,* pp. 949-953. The husband must afford the wife the protection of his presence to the extent permitted by their circumstances. He must provide a place to live, and there support and maintain her according to his means and their station in life. After November, 1928, the husband in the instant cause has, without justification, not fulfilled these marital obligations to his wife. Since the last of November, 1931, he has totally abandoned and rejected her, and on his own admission, and by the uncontradicted evidence of credible witnesses, it is proved that their separation was his deliberate fault, and that he did not intend to permit her to return. When she requested him to provide a home, he testified that his reply to her was: "I told her it was no use, we had tried to live together for eight or nine years and could not get along, that we were separated and I thought it was best to stay separated."

As the court finds the facts in this record, the husband is not entitled to a divorce from the wife, but the wife has established her right to a divorce *a mensa et thoro* from the husband, with a right to alimony and a suitable allowance to cover counsel fees and the costs of this appeal. The decree of the chancellor will therefore be reversed.

It appears from the record that the wife applied to the chancellor for an order directing the husband to pay a suitable amount to cover the costs and expenses of this appeal, but no action appears to have been taken on this petition; but an appeal was taken by the wife from an alleged refusal of the chancellor to consider the petition. There is no act of record on the part of the chancellor with reference to this petition; the second appeal will have to be dismissed. The question should have been presented in such form that the action of the chancellor would duly appear. The statement of counsel, even under oath, cannot be accepted as a substitute for a record of the official act of the court.

The cause will have to be remanded for the passage of a decree in conformity with this opinion, and this will afford the chancellor an opportunity to make a proper allowance of alimony, and to provide for the payment by the husband of a

suitable counsel fee to the solicitor for the wife.  *Sterling v. Sterling,* 145 Md. 631, 643, 125 A. 809.

> *Decree in No. 104 Appeals to the October Term, 1932, reversed, and cause remanded for the passage of a decree dismissing the bill of complaint of Joseph S. Tarr, and granting a divorce a mensa et thoro to Alice M. Tarr, with suitable alimony and counsel fees for the prosecution of this appeal; appellee to pay the costs.*

> *Appeal in No. 105 dismissed, with the costs in that appeal to be paid by the appellant.*