**REPORTED**

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 0405

September Term, 2012

_____

NICK BERGERIS

v.

JEANINE BERGERIS

_____

Meredith,
Graeff,
Rodowsky, Lawrence F.
       (Retired, specially assigned),

JJ.

_____

Opinion by Meredith, J.

_____

Filed: April 30, 2014

On April 3, 2012, the Circuit Court for Montgomery County conducted a hearing concerning a complaint for absolute divorce filed by Nick Bergeris ("Husband"), appellant. Husband's request for a divorce based on a twelve-month separation was opposed by Jeanine Bergeris ("Wife"), appellee, who asserted that she had continued to have sexual relations with Husband by way of "phone sex," *i.e.*, sexually explicit or provocative telephone conversations and text messages. Section 7-103(a)(4) of the Family Law Article ("FL") of the Maryland Code (1984, 2012 Repl. Vol.) provides that a court "may decree an absolute divorce" on grounds of a "12-month separation, when the parties have lived separate and apart without cohabitation for 12 months without interruption before the filing of the application for divorce." Husband conceded that he had engaged in sexually explicit telecommunications with Wife during the twelve months preceding his claim for a divorce, but he testified that there had been no physical contact of a sexual nature with Wife during that period when they lived separate and apart.

At the close of evidence presented by Husband with respect to his grounds for an absolute divorce, the court ruled that he could not prevail, and the court dismissed the complaint. The court ruled that, because Husband conceded that he and Wife had engaged in phone sex, the court was precluded from finding that they had lived "without cohabitation" during the time they lived separately for the 12 month period required by FL § 7-103(a)(4). Husband noted this appeal.

## QUESTION PRESENTED

Husband presents a single question for our review:

Whether the Circuit Court erred, as a matter of law, when it denied Appellant's Complaint for Absolute Divorce when the parties met the statutory requirements for a divorce?

We conclude that the court erred when it dismissed Husband's complaint for divorce based on the court's finding that phone sex was a form of cohabitation within the scope of FL § 7-103(a)(4). Accordingly, we reverse the judgment of the circuit court and remand the case for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Husband and Wife married in Maryland on January 9, 2006. On June 30, 2010, Husband and Wife separated, and Husband moved out of the marital home because Wife had obtained a protective order against Husband. On July 6, 2010, Husband filed a complaint for limited divorce on the grounds of constructive desertion and voluntary separation. After the protective order expired at the end of six months, the parties continued to maintain separate residences.

Although Husband and Wife lived separate and apart, and although divorce proceedings were pending, they resumed a sexual relationship following the expiration of the protective order. Husband testified, however, that the last time he was physically intimate with Wife was in March 2011. At no time after March 2011 did Husband spend a single night under the same roof as Wife.

Nevertheless, Husband acknowledged that he and Wife continued to communicate via telephone conversations and text messages. At times, these conversations and text messages

2

were of an explicit or provocative sexual nature.  Consequently, Husband admitted that he had engaged in phone sex with Wife, and he claimed the last time he did so was in January 2012.  Husband estimated that Wife visited his home, unannounced, six times between March 2011 and April 2012.  According to Husband, however, he refused to allow Wife inside the house on any of those occasions, and he had no physical contact with her during that twelve-month period.

On March 28, 2012, Husband filed an amended complaint, seeking an absolute divorce on grounds of a twelve-month separation. Wife filed a motion to dismiss.

On April 3, 2012, the court conducted an evidentiary hearing on Husband's claim for absolute divorce, and, because Wife's responsive pleading asserted that the couple had "cohabitated and engaged in marital relations" while the case was pending, the court ruled that it would first hear testimony on the threshhold question of whether Husband could establish grounds for an absolute divorce.[1]

---

[1] Maryland Rule 2-502 permits a court to order a hearing on a specific question "if it would be convenient to have the question decided before proceeding further."  The rule provides:

> If at any stage of an action a question arises that is within the sole province of the court to decide, whether or not the action is triable by a jury, and if it would be convenient to have the question decided before proceeding further, the court, on motion or on its own initiative, may order that the question be presented for decision in the manner the court deems expedient. In resolving the question, the court may accept facts stipulated by the parties, may find facts after receiving evidence, and may draw inferences from these facts.  The proceedings and decisions of the court shall be on the record, and the decisions shall be reviewable upon appeal after entry of an appealable

(continued...)

Husband was the only witness to testify relative to the issue of whether the couple's separation had been "without cohabitation." At the conclusion of Husband's testimony, the court ruled that Husband had not met the statutory requirements of FL § 7-103(a)(4) because he admitted he had engaged in phone sex with Wife during the twelve months prior to filing his complaint for absolute divorce on March 28, 2012.

When Husband asked the court to clarify its ruling, the court responded as follows:

> The testimony from Mr. Bergeris was that he admitted that after March 29th of 2011 that he and Ms. Bergeris had had phone sex. And he also admitted that he had had phone sex as recently as January of 2012. And so that period of time, that would amount to a nine or 10 month period of time, depending on the exact dates, to me constitutes phone sex within the year prior to the application for divorce. The operative application for divorce would be the March 28th, 2012, amended complaint at Docket Entry 109.

> And so if you go to [FL §] 7-103(a)(4), what it says is that [the court "may decree an absolute divorce" on grounds of a "12-month separation] when the parties have lived separate and apart without cohabitation for 12 months without interruption before the filing of the application for divorce.["] So the time period, my understanding is, that you have to look back to is March 28th, 2012, going backwards to March 28th or 29th, 2011. It is that period of time. So if you look at the period from March 29th of 2011, until March 28th of 2012, there are admissions by Mr. Bergeris that he had phone sex with [Ms. Bergeris] as recently as January of 2012.

> So it is those facts, plus my legal determination that the words "without cohabitation" under that statute, under the case of *Smith v. Smith*, which I think I'd referred to earlier, 257 Md. 263 [(1970)], that this case tells me that **without cohabitation means without sexual relations. It does not say without sexual intercourse. And so my judgment today, my view is that phone sex comes within the broader definition of sexual relations that is broader than sexual intercourse**. And so that's why I find that there is,

[1](...continued)
order or judgment.

4

between the facts and my legal interpretation of this case and this statute, there is insufficient evidence of the lack of sexual relations during that period of time.

(Emphasis added.)

After all pending claims were dismissed by the court, Husband noted this appeal.

## STANDARD OF REVIEW

Because the court dismissed Husband's complaint at the conclusion of a hearing conducted in accordance with Rule 2-502, we review the ruling under Maryland Rule 8-131(c). In *Crise v. Maryland General Hospital, Inc.*, 212 Md. App. 492, 519-20 (2013), we stated:

> As we explained in *Bender* [*v. Schwartz*, 172 Md. App. 648 (2007)], a circuit court decision under Rule 2-502, on a discrete issue that is solely within the court's province, is essentially a trial by the court on the merits of that issue. 172 Md. App. at 664, 917 A.2d 142. The court may hear evidence and make factual findings necessary to its decision of the discrete issue that is within its province to decide. Therefore, the court's decision on the issue is reviewed on appeal under Rule 8-131(c). *Id.*

Accordingly, pursuant to Rule 8-131(c), we "will review the case on both the law and the evidence." Factual findings are reviewed under the clearly erroneous standard of review. *See* Rule 8-131(c). Questions of law, however, are reviewed *de novo*. *See State v. Neger*, 427 Md. 582, 595 (2012) (citing *Clancy v. King*, 405 Md. 541, 554 (2008)).

In this case, Husband does not dispute the court's factual findings. Rather, Husband contends that the court committed an error of law in ruling that phone sex constitutes cohabitation that precludes a party from obtaining a divorce pursuant to FL § 7-103(a)(4).

5

We review the trial court's ruling on a question of law *de novo*. We agree with Husband's contention that the circuit court erred in concluding that the parties' phone sex constituted cohabitation which prevented Husband from obtaining a divorce pursuant to FL § 7-103(a)(4).

## DISCUSSION

Section 7-103(a)(4) of the Family Law Article states that a court may grant an absolute divorce "when the parties have lived separate and apart without cohabitation for 12 months without interruption before the filing of the application for divorce." The revision of FL § 7-103(a)(4) to its current form is described as follows in CYNTHIA CALLAHAN & THOMAS C. RIES, FADER'S MARYLAND FAMILY LAW § 4-1 (5th ed. 2011):

> In Maryland, effective October 1, 2011, a no-fault ground of living separate and apart without cohabitation for 12 months allows the parties to obtain an absolute divorce. Effective on October 1, 2011, the absolute divorce ground of "voluntary separation" for 12 months will no longer exist, and the former ground of a "2 year separation" will become "12 month separation." Proposed legislation to retain the ground of "voluntary separation," but to reduce the period of voluntary separation from 12 months to 6 months failed during the 2011 Legislative Session.

(Footnote omitted.)

Accordingly, the elements which must be demonstrated to establish grounds for an absolute divorce under FL § 7-103(a)(4) after October 1, 2011, are [1] an uninterrupted period of 12 months prior to the filing of the application for divorce, during which time the parties lived [2] separate and apart [3] without cohabitation. In CALLAHAN AND RIES, *supra* at § 4-4[9][5], the authors explain:

6

"Separate and apart" means that the parties cannot live under the same roof during the required statutory period. This is a requirement even if the parties have discontinued having sexual relations. "Without cohabitation" means that there must be no sexual relations between the husband and wife living separate and apart with the intention and for the purpose of establishing this particular ground for divorce. The separation contemplated by the statute does not occur until the parties *both* cease living in the same house *and* cease having sexual relations. Both the absence of sex and the requirement that the parties live separate and apart must continue uninterruptedly for the statutory period and up to the date the divorce is granted before a party is entitled to an absolute divorce on the ground of [12 months'] separation.

(Footnotes omitted.)

The Court of Appeals has defined "cohabitation" as a term that embraces more than a sexual relationship alone: "'[C]ohabitation,' . . . describes a relationship of living together 'as man and wife,' and connotes the mutual assumption of the duties and obligations associated with marriage." *Ricketts v. Ricketts*, 393 Md. 479, 484 n.1 (2006) (quoting *Gordon v. Gordon*, 342 Md. 294, 308 (1996)). *See also Gordon*, *supra*, 342 Md. at 308 n.11 (quoting *Perri v. Perri*, 608 N.E.2d 790, 794 (Ohio Ct. App. 1992)) ("'Sexual intercourse, in short, is not the *sine qua non* of the cohabitation . . . .'"). The Court of Appeals has also reasoned, however, that the "without cohabitation" provision in the statute governing grounds for divorce "proscribe[s] sexual relations between husband and wife living 'separate and apart' with the intention and for the purpose of establishing this particular ground [*i.e.*, separation for the statutory period] for divorce." *Smith*, *supra*, 257 Md. at 268 (citing *Lillis v. Lillis*, 235 Md. 490, 495-96 (1964)).

Husband contends that he met the requirements of FL § 7-103(a)(4), and the court should have granted his request for an absolute divorce. Husband asserts that the court's reliance on *Smith* was misplaced, and that his case is factually distinguishable. He argues that the couple in *Smith* had continued to have physical sexual relations during the period of their alleged separation. Husband notes that the testimony in the record in the present case established only that he and Ms. Bergeris had engaged in telephonic communications — which, he admits, included sexual and/or suggestive language — during their separation.

At trial, Husband's counsel pointed out that the court's broad interpretation of cohabitation to include phone sex would unduly complicate divorce proceedings, arguing:

> As I said before, I don't think phone sex negates the grounds here. And like I said, I don't think there's any authority to suggest otherwise. Also, there's no evidence here of what this was. I mean, I hate to, I don't want to have to get into these sorts of issues, but this is where we find ourselves. How dirty was the talk? How long did it last? What was said? I mean, I don't think that there's any way to verify that.
>
> And there's been no evidence presented to say this was, we talked to [sic] four hours. Three of the hours we were fighting about our divorce case, or three hours and 57 minutes we were fighting about our divorce case, and then three minutes we had phone sex, whatever that is. There's no way to define that. Maybe that's part of the reason why there is no authority on that, because how do you, what sort of slippery slope is that? I mean, that's, people either engage in sex or they don't. You know, and there are other instances when people engage in things that fall just short of sex, but that involve[s] physical intimate touching. And I think that those things are within the ambit of what we consider when we're talking about cohabitation, marital relations, sexual relations.

Wife, on the other hand, urges this Court to affirm the circuit court's ruling. She contends that the content of the text messages she proffered at the hearing would show that

8

she and Mr. Bergeris actually engaged in physical sexual relations during the period of their separation. But the trial court did not admit Wife's proffered transcripts of the text messages for that purpose, and the trial court specifically avoided a finding that was at odds with Husband's denial of physical contact with Wife during the twelve-month period.

Wife directs our attention to a federal case, *United States v. Fugit*, 703 F.3d 248 (4th Cir. 2012), which she claims stands for the proposition that sexual activity need not include interpersonal physical contact. But that case is wholly inapplicable to this divorce proceeding. In *Fugit*, the United States Court of Appeals for the Fourth Circuit reviewed the criminal conviction of a man charged with soliciting a minor pursuant to 18 U.S.C. § 2422(b). *Fugit*, *supra*, 703 F.3d at 250-51. That case did not address the meaning of cohabitation in the context of a divorce proceeding.

Neither party has directed our attention to a case from the Maryland courts discussing whether telephonic communications can constitute cohabitation. In view of the Court of Appeals's definition of cohabitation in cases such as *Ricketts*, *supra*, 393 Md. at 484 n.1 (quoting *Gordon*, *supra*, 342 Md. at 308), and the precedent establishing that a couple purporting to live apart but engaging in physical sexual relations cannot be said to be living separate and apart, *Smith*, *supra*, 257 Md. at 268 (citing *Lillis*, *supra*, 235 Md. at 495-96), we hold that the circuit court erred in its determination that phone sex or sexual language in text messages constituted cohabitation that precluded the grant of an absolute divorce.

9

Courts of other states have indicated that extensive telephone conversations are not sufficient evidence to constitute adultery in the divorce context. In *Marcotte v. Marcotte*, 886 So.2d 671 (La. Ct. App. 2004), the Court of Appeal of Louisiana reviewed a divorce action in which a wife sought a divorce based on her husband's adultery. The wife testified that she developed suspicions about her husband, based in part upon the husband's frequent telephone conversations with a neighboring friend's wife. *Id.* at 673-76. The trial court initially refused to grant a divorce, stating, "'the phone calls certainly show they were having some telephone contact, but . . . I don't think you can have sex using telephone calls. That's not adultery.'" *Id.* at 676. But the trial court later granted the wife's request for divorce after hearing testimony from the husband and the neighbor's wife. *Id.* at 677-78. The appellate court reversed, finding that there was no evidence of a physical "sexual relationship" constituting adultery between the husband and the neighbor's wife. *Id.* at 679.

In *Coachman v. Gould*, 122 N.C. App. 443, 470 S.E.2d 560 (1996), the Court of Appeals of North Carolina rejected a husband's claim that his wife had committed adultery by virtue of her telephone calls. The husband testified that a man would call his wife almost daily, and the pair would talk on the phone about sexual matters. 470 S.E.2d at 562-63. The North Carolina court observed that "telephone calls and a car ride are not the type of 'opportunities' for sexual intercourse" required to demonstrate adultery. *Id.* at 563 (citing *Matter of Estate of Trogdon*, 330 N.C. 143, 151, 409 S.E.2d 897, 902 (1991)).

In our view, occasional instances of telephonic or electronic communication talking about sex, unaccompanied by intimate physical sexual contact, do not rise to the level of cohabitation. Accordingly, we conclude that the circuit court erred in dismissing Husband's complaint based on the court's factual finding that he and Ms. Bergeris engaged in phone sex as late as January 2012, which was within the year prior to the application for divorce, and that such conduct constituted cohabitation. We reverse the judgment of the circuit court and remand the case for further proceedings.

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.**

11